## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAYME GORDON,<br><br>            *Plaintiff,*<br><br>      v.<br><br>DREAMWORKS ANIMATION SKG, INC.,<br>DREAMWORKS ANIMATION LLC, and<br>PARAMOUNT PICTURES, CORP.,<br><br>            *Defendants.* | Civil Action No. 1:11-cv-10255<br><br>**JURY TRIAL DEMANDED** |

## AMENDED COMPLAINT

Plaintiff, Jayme Gordon (hereinafter "Gordon"), by and through his attorneys of record, hereby alleges as his Complaint against DreamWorks Animation SKG, Inc., DreamWorks Animation LLC, and Paramount Pictures, Corp. (collectively, "Defendants"), as follows:

## NATURE OF THIS ACTION

1.      This is a case of copyright infringement arising out of Defendants' creation and exploitation of the highly successful "Kung Fu Panda" franchise, including the "Kung Fu Panda" animated motion picture, which is based on and copied from copyrighted works authored and owned by Gordon, collectively titled "Kung Fu Panda Power."  An example of the substantial, and even striking similarity between two of Gordon's Kung Fu Panda Power characters and two of Defendants' Kung Fu Panda characters is shown here:




2.      Gordon is an artist who has spent much of his lifetime creating and developing characters and stories.  One of Gordon's many character ensembles is his Kung Fu Panda Power property, which he created in the early 1990s that features a Kung Fu fighting giant panda who likes to eat, his companion, a rare small red panda who also is a Kung Fu fighter, and a Kung Fu fighting super group known as the "Five Fists of Fury" that consists of a tiger, crane, mantis, monkey, and a venomless snake.

3.      Gordon first registered components of his Kung Fu Panda Power property with the United States Copyright Office in 2000, and since has obtained additional copyright registrations for additional parts of his Kung Fu Panda Power work.  Examples of illustrations Gordon deposited with the Copyright Office in 2000 are shown below.






4.     Starting long before the release of Defendants' Kung Fu Panda animated film, Gordon routinely sent his works featuring his illustrated characters, including his Kung Fu Panda Power characters, to animation and film studios. Upon information and belief, access to Gordon's illustrated literary works and, in particular, Gordon's Kung Fu Panda Power work, enabled Defendants to create and exploit their own Kung Fu Panda franchise, which is an infringement of Gordon's copyrights in violation of the United States Copyright Act.

5.     The drawings, illustrations, characters, character attributes, literary text, and artistic expression embodied within Gordon's Kung Fu Panda Power, all of which are owned solely and exclusively by Gordon, are referred to hereinafter, collectively, as the "Kung Fu Panda Power Work."

## THE PARTIES

6.     Plaintiff, Jayme Gordon, is an individual artist, illustrator, and writer residing in Randolph, Massachusetts.

7.     Upon information and belief, Defendant DreamWorks Animation SKG, Inc. (hereinafter "DreamWorks Animation SKG") is a corporation organized and existing under the laws of the state of Delaware, registered to do business in the Commonwealth of Massachusetts as a foreign limited liability company, conducts business in this District of the Commonwealth of Massachusetts and has a principal place of business at 1000 Flower Street, Glendale, California, 91201.

8.     Upon information and belief, Defendant DreamWorks Animation LLC ("DreamWorks Animation") is a limited liability company organized and existing under the laws of the state of Delaware, registered to do business in the Commonwealth of Massachusetts as a foreign limited liability company, conducts business in this District of the Commonwealth of

Massachusetts and has its principal place of business at 1000 Flower Street, Glendale, California, 91201.  Upon information and belief, DreamWorks Animation is the claimed copyright holder of the infringing works complained of herein, including United States Copyright Reg. Nos. PRE000000488 and PA0001598023 for the motion picture titled "Kung Fu Panda," and PRE000003042 for the motion picture titled "Kung Fu Panda: The Kaboom of Doom." DreamWorks Animation SKG and DreamWorks Animation are collectively referred to as the "DW Defendants."

9.       Upon information and belief, Defendant Paramount Pictures Corporation (hereinafter "Paramount") is a corporation organized and existing under the laws of the State of Delaware, is the distributor of the DW Defendants' animated motion pictures, distributes and exploits the DW Defendants' motion pictures complained of herein in this District of the Commonwealth of Massachusetts, is registered to do business in the Commonwealth of Massachusetts as a foreign limited liability company, conducts business in this District of the Commonwealth of Massachusetts and has a principal place of business at 5555 Melrose Avenue, Hollywood, California, 90038.

## JURISDICTION AND VENUE

10.       This action arises under the United States Copyright Act, 17 U.S.C. § 101 *et seq.* (hereinafter, "the Copyright Act").

11.       This Court has original subject matter jurisdiction over this Complaint pursuant to 28 U.S.C. § 1331 (federal question jurisdiction); § 1332 (action between citizens of different states with an amount in dispute exceeding $75,000.00, exclusive of interest and costs, as to each Defendant); and § 1338(a) and (b) (jurisdiction over copyright actions).

12.     Venue is properly laid in this district pursuant to 28 U.S.C. § 1391(b) & (c).

Upon information and belief, Defendants may be found in this District and a substantial part of

the events or omissions giving rise to these claims have occurred and are occurring in this

District.  Moreover, a substantial part of the property that is the subject of the action is situated in

this District.

13.     This Court has personal jurisdiction over each of the Defendants because each

Defendant regularly conducts business in this District of the Commonwealth of Massachusetts

and therefore has substantial and continuous contacts within this judicial District; because each

Defendant has purposefully availed itself of the privileges of conducting business in this judicial

District and reasonably should expect their infringing conduct to have consequences in the

Commonwealth of Massachusetts; because each Defendant derives substantial revenue from

goods used or consumed in the Commonwealth of Massachusetts; and/or because each

Defendant has committed infringing acts inside and outside the Commonwealth of

Massachusetts causing injury to Gordon in the Commonwealth of Massachusetts.

## FACTS

### Jayme Gordon – Illustrator, Author and Creator of "The USA, Union of Super Animals"

14.     Jayme Gordon is an artist, illustrator, and author who for decades has been

creating original characters and stories.

15.     Gordon has created and illustrated dozens of animal and insect characters and has

written many stories involving his characters.  As a child, Gordon was inspired by the

collectibles in his home and his surroundings growing up outside of Boston, to create his animal

and insect characters, many of whom are skilled in martial arts.  Many of Gordon's characters

were first conceived when he was a child and more fully developed by Gordon as a young adult.

16.    Many of Gordon's martial arts-skilled animal and insect characters comprise

Gordon's "Union of Super Animals," also referred to by Gordon as simply, the "U.S.A."

17.    Gordon's Union of Super Animals was conceived by Gordon to be the

overarching super union that is comprised of Gordon's wide-ranging cast of characters, many of

whom possess superior martial arts abilities, including his Kung Fu Panda Power characters.

Gordon's Union of Super Animals includes, among many other characters, "Karate Marty

Mantis," a karate fighting, sword swinging mantis, and "Zito The Super Samurai Mosquito,"

a modern-day mosquito samurai super hero who previously was a human samurai killed in the

15th century, both of whom are shown here:

 

18.    Also included in Gordon's Union of Super Animals is Gordon's illustrated

literary work titled "Super Duck Super Duck," featuring "Fortune Cookie" — a duck that wears

chopsticks as a head piece, and "The Pu Pu Fighters" — a group of four Kung Fu fighting ducks

who work as waiters in a Chinese restaurant owned by Fortune Cookie that doubles as the

group's headquarters.  Gordon's illustrations of Fortune Cookie and some of Gordon's other duck characters in this work are shown here:



19.     Gordon has been drawn to the number five since childhood and often creates characters in groups of five, like Gordon's "Five Fists of Fury" that appears in his Kung Fu Panda Power Work.

20.     Gordon first created a group known by the name "Fists of Fury" in another illustrated, literary work that is part of his Union of Super Animals, titled Super Sumo Kamikaze Komodo Dragon Wrestlers.

21.     In the 1990s, Gordon operated a retail cart and then a retail store at the Dedham Mall near Boston known for a period of time as "Animation Station" where he sold, among other items, apparel featuring some of his characters.  Around that same time, Gordon had costumes made of many of his animal characters.  Some of these characters, like those pictured below, appeared at promotional events in and around Boston.



22.    Many of Gordon's illustrations and stories, including portions of Gordon's Kung Fu Panda Power Work, were displayed on Gordon's website, www.luckylizard.com (named after the very first character Gordon created, Lucky Lizard), starting in 1999, and were deposited with the United States Copyright Office in 2000.

**Jayme Gordon's Creation, Authorship and Sole Ownership of "Kung Fu Panda Power"**

23.    Beginning in the late 1980s or early 1990s until in or around 2002, Gordon created and developed the original characters and stories that comprise the Kung Fu Panda Power Work.  Gordon was, in part, inspired to create his Kung Fu Panda Power Work, and some of the characters in this work, by a visit to Chinatown in downtown Boston when he was an adolescent.

24.    Gordon's Kung Fu Panda Power Work features a diverse group of animal characters that come together to fight evil and in doing so, find their inner strengths.  Gordon envisioned that his Kung Fu Panda Power story and characters would one day reach children

everywhere, empowering them to overcome struggles due to diversity, by becoming an animated television series and film, and a series of children's books, among other things.

     25.    Gordon's original Kung Fu Panda Power characters include "Kidd" panda, a Kung Fu fighting giant panda bear and "Redd" panda, a very rare, small, red panda who also is a Kung Fu fighter.  Gordon's cast of characters also includes the "Five Fists of Fury," a Kung Fu fighting super group consisting of a tiger named "Tattoo Tiger," a mantis named "Mantis San," a crane named "Sugar Cane," a venomless snake named "Venom Chang," and a half-monkey, half-chimpanzee named "Manchu," as well as a trio of pachyderms (a rhinoceros, elephant, and hippopotamus) called "The Mighty 3."  Together, these characters team up to protect the peaceful animal kingdom in China, "The Valley of Peace" from evil Kung Fu fighting animals such as a snow leopard and a tiger-wolf.  Gordon's early sketches of his Kung Fu Panda Power characters in the "Valley of Peace," including Kidd, Redd, the "Five Fists of Fury," and "The Might 3" from the early 1990s are shown below:













26.     As part of Gordon's creative process, he collaborated with his friend and co-worker, Ken Partello, a caricature artist.  At Gordon's direction, Partello, in the early 1990s, sketched some of Gordon's Kung Fu Panda Power characters, namely, Gordon's giant panda Kidd, his red panda Redd, and the Five Fists of Fury, as shown below:



27.     In addition to illustrating his original Kung Fu Panda Power characters such as Kidd, Redd, the "Five Fists of Fury," and "The Mighty 3," Gordon began writing stories, and synopses for an animated television series and an animated film involving these characters in or around 1992, which he continued to develop and evolve up through 2002.

28.     In Gordon's Kung Fu Panda Power Work, Kidd is a Kung Fu fighting giant panda who loves to eat Chinese food and his resulting rotund shape does not lend itself to Kung Fu fighting.  Kidd's companion, Redd, is small red panda whose Kung Fu master skills belie his small size, and who always carries chopsticks.  Gordon's Kidd and Redd characters are accompanied by and work with a Kung Fu fighting super group known as the "Five Fists of Fury," comprised of a monkey, tiger, crane, mantis and a venomless snake, who are supporting

characters to Kidd and Redd.  In parts of Gordon's Kung Fu Panda Power Work, Kidd is a fun-

loving panda who works as a waiter in a Chinese restaurant.  In one part of Gordon's story, the

"Five Fists of Fury" laugh at Kidd when he practices Kung Fu in their Kung Fu fighting school

because Kidd is obese, out of shape, and appears to be an unlikely Kung Fu master.  Parts of

Gordon's Kung Fu Panda Power Work are set in "The Valley of Peace," a peaceful animal

kingdom where Kidd and Redd live, along with the "Five Fists of Fury."  Gordon's story

includes the "Kung Fu Masters Ceremony," an annual celebration in "The Valley of Peace"

where one animal is crowned the official Kung Fu master animal of the town.  Kidd, Redd, and

the "Five Fists of Fury" members fight an evil Kung Fu fighting animal that wants to be named

the "Kung Fu Master of All," but it is Kidd who defeats the evil animal and saves "The Valley of

Peace."

## Defendants' Infringement of Gordon's Kung Fu Panda Power Work

29.     Upon information and belief, after obtaining copies of or viewing illustrations and

stories comprising Gordon's Kung Fu Panda Power Work, one or both of the DW Defendants

created an animated motion picture titled "Kung Fu Panda."

30.     The "Kung Fu Panda" film features a giant panda named Po who becomes a Kung

Fu master responsible for defending the "Valley of Peace."  The giant panda Po is trained by,

and eventually becomes friends with, a small red panda named Master Shifu.  The "Kung Fu

Panda" film features a Kung Fu fighting super group called the "Furious Five" comprised of a

tiger, monkey, crane, mantis, and venomless snake.

31.     Upon information and belief, after receiving copies of, or viewing illustrations

and stories comprising Gordon's Kung Fu Panda Power Work, one or both of the DW

Defendants created a second animated motion picture titled "Secrets of the Furious Five," an

animated short film featuring the giant panda Po as a Kung Fu master, his friend and trainer, the small, red panda Master Shifu, and the "Furious Five" characters.  The "Secrets of the Furious Five" film tells the story of each of the five characters that comprise the "Furious Five."

32.     The DVD artwork of the "Kung Fu Panda" and "Secrets of the Furious Five" films are shown below:

 

33.     Upon information and belief, Defendants, with knowledge and intent, created, financed, developed, manufactured, distributed, displayed and/or exploited the "Kung Fu Panda" film and the "Secrets of the Furious Five" film.  Both of these films are unauthorized copies of and derivative works based on Gordon's Kung Fu Panda Power Work.

34.     Upon information and belief, one or more Defendants, with knowledge and intent, actively license to third parties the right to use the characters that appear in the "Kung Fu Panda" film and the "Secrets of the Furious Five" film, for toys, games, dolls, figurines, video games and books, among other things, that likewise are unauthorized copies of and derivative works based on Gordon's Kung Fu Panda Power Work.

35.     Upon information and belief, one or both of the DW Defendants, with knowledge and intent, are currently creating and developing "Kung Fu Panda 2," formerly titled "Kaboom of Doom" and/or "SKA2OOSH."  "Kung Fu Panda 2," a trailer for which is currently displayed

on www.kungfupanda.com, a website owned by DreamWorks Animation, is a sequel to the
"Kung Fu Panda" film, and will be distributed, upon information and belief, by Paramount.

### Comparison of Gordon's and Defendants' Works

36.     The "Kung Fu Panda" film and "Secrets of the Furious Five" film feature
characters, character depictions, character personality traits, illustrations, expression, settings,
story elements, plot and sequences of events that are unlawful copies and derivatives of the
copyrightable elements embodied in Gordon's Kung Fu Panda Power Work.

37.     Characters featured in the "Kung Fu Panda" film and "Secrets of the Furious
Five" film are unlawful copies of, derivative works of, and substantially similar, even strikingly
similar to, the characters in Gordon's Kung Fu Panda Power Work.

38.     Gordon's Kidd and Defendants' Po are both Kung Fu fighting giant pandas with
large appetites.  Their visual appearance and character attributes are substantially similar, even
strikingly similar.

39.     Gordon's Redd and Defendants' Master Shifu are both red pandas and are both
Kung Fu masters who use chopsticks in connection with Kung Fu fighting.  Their visual
appearance and character attributes are substantially similar, even strikingly similar.

40.     Gordon's Kung Fu fighting giant and red pandas are supported by a group of five
Kung Fu fighting animals known as the "Five Fists of Fury," which is comprised of a tiger,
monkey, crane, mantis, and a venomless snake.

41.     In the "Kung Fu Panda" film, the Kung Fu fighting giant and red pandas are
supported by a group of five Kung Fu fighting animals known as the "Furious Five," which is
comprised of a tiger, monkey, crane, mantis, and a venomless snake.

42.     The setting of portions of Gordon's Kung Fu Panda Power Work is "The Valley of Peace."

43.     The setting of portions of the "Kung Fu Panda" film and "Secrets of the Furious Five" film is the "Valley of Peace."

44.     Other characters that appear in the "Kung Fu Panda" film appear substantially similar to characters Gordon created before 2000.  Gordon's "Fortune Cookie" character, who appears in Gordon's story titled "Super Duck Super Duck," owns a Chinese restaurant and wears chopsticks as a headpiece.  In the "Kung Fu Panda" film, Po's father, a duck, owns a Chinese restaurant and wears chopsticks as a headpiece.  Gordon's "The Mighty 3" includes a loincloth-wearing, martial arts fighting rhinoceros that teams up with Gordon's "Five Fists of Fury" to guard "The Valley of Peace" against evil martial arts fighting animals.  In the "Kung Fu Panda" film, a group of loincloth-wearing rhinoceros are prison guards who protect the "Valley of Peace" from the imprisoned evil snow leopard.

45.     In addition to Gordon's Kung Fu Panda Power characters, components of the literary expression created by Gordon and embodied in his Kung Fu Panda Power Work also were infringed by Defendants in the "Kung Fu Panda" film and "Secrets of the Furious Five" film such that many of the story elements, settings, and events in these films appear substantially, even strikingly, similar to those in Gordon's Kung Fu Panda Power stories.

46.     In stories that make up Gordon's Kung Fu Panda Power Work, Kidd is a giant panda who is as a waiter in a Chinese restaurant and loves to eat Chinese food.  Kidd's temperament is fun-loving and easy-going.  In one scene, the "Five Fists of Fury" laugh at Kidd when he practices Kung Fu in their martial arts school because Kidd is obese, out of shape, and appears to be an unlikely Kung Fu master.  Although Kidd would rather be eating, his interest in

martial arts training grows and he starts to show true promise as a Kung Fu master.  Parts of

Gordon's Kung Fu Panda Power Work are set in "The Valley of Peace," an animal kingdom

where Kidd and Redd live, along with the "Five Fists of Fury."  One part of Gordon's Kung Fu

Panda Power story features the "Kung Fu Masters Ceremony," which is an annual celebration in

"The Valley of Peace" where one animal is named "Official Kung Fu Animal" of the town.

Kidd, Redd, and the "Five Fists of Fury" members fight an evil Kung Fu fighting animal that

wants to be named the "Kung Fu Master of All," but it is Kidd that defeats the evil animal, due to

his large girth and Kung Fu training and saves "The Valley of Peace."  Gordon's Kung Fu Panda

Power Work features various Kung Fu fighting animal villains, one of which is a snow leopard

fought by Redd.

       47.     In the "Kung Fu Panda" film, Po is an overweight and fun-loving giant panda

who is a waiter in a Chinese noodle restaurant.  He dreams of being a Kung Fu fighter but his

rotund shape does not lend itself to Kung Fu fighting.  This is a problem because Po has been

chosen, quite surprisingly, as the "Chosen One" to save his peaceful animal village, the "Valley

of Peace" from an evil Kung Fu fighting snow leopard at a large ceremony attended by many

town members.  Po's Kung Fu master, a small red panda whose skills belie his small size, trains

Po using food and chopsticks when he realizes that Po is motivated by food.  Although Po

prefers eating to training, he eventually starts to show true promise as a Kung Fu fighter.  The

"Furious Five" doubt Po's fighting ability when he first practices Kung Fu at their martial arts

school because Po is obese, unskilled, and viewed as an unlikely Kung Fu master.  Nevertheless,

Po does become a Kung Fu master due to his strength, coordination, and training with the red

panda.  Armed with his new Kung Fu skills, Po defeats the evil snow leopard and saves the

"Valley of Peace."

### Access To Gordon's Kung Fu Panda Power Work

48.     In or around 1985, Gordon began sending his portfolio of illustrated literary texts to motion picture studios, television networks, book publishers, and other companies specializing in children's animation and entertainment.  Gordon sent promotional flyers and T-shirts displaying his characters, and copies of his illustrations and text to these companies for many years.

49.     From at least as early as the late 1980s or early 1990s, Gordon submitted multiple packages to The Walt Disney Company ("Disney") that contained his original illustrations and stories, including components of Kung Fu Panda Power Work.

50.     In the early 1990s, Gordon visited "Pleasure Island," a section of The Walt Disney World resort in Orlando, Florida, where he met Michael Eisner and Frank Wells.  At that meeting, Gordon was invited to send his works to Disney, which Gordon did.  A photo of Gordon and Mr. Eisner from that meeting is shown below:



51.     Upon information and belief, Michael Eisner was the Chairman and Chief Executive Officer of Disney from 1984 to 2005, and Frank Wells was the President and Chief Operating Officer of Disney from 1984 to 1994.

52.     In or around the early 1990's, Sharon Eisen, an employee of Disney, telephoned Gordon at his residence and requested that Gordon send his works to Disney. Gordon did so.

53.     Upon information and belief, Jeffrey Katzenberg was Chairman of The Walt Disney Studios, a division of Disney, from 1984 from 1994.

54.     Upon information and belief, as Chairman Mr. Katzenberg was responsible for worldwide production, marketing, and distribution of all of Disney's live action and animated motion pictures and television programs.  During his tenure, Disney's animated productions included "The Little Mermaid," "Beauty and the Beast," "Aladdin," and "The Lion King."

55.     Upon information and belief, Mr. Eisner was Mr. Katzenberg's superior at Disney.  Upon information and belief, Mr. Katzenberg was employed at Disney at the time Gordon discussed his works with Mr. Eisner, sent materials to Mr. Eisner, and sent materials to Ms. Eisen.

56.     Upon information and belief, Mr. Katzenberg left Disney in 1994 and formed DreamWorks Studios (a/k/a DW Studios and/or DreamWorks LLC) with Steven Spielberg and David Geffen.  In or around 1994, Katzenberg publicly stated that this new company would produce animated films that would compete directly with Disney.  Upon information and belief, the animation division of DreamWorks Studios, led by Katzenberg, hired Disney animators to create what it perceived to be "Disney-like" films, only better.

57.     Upon information and belief, in October 2004, the animation division of DreamWorks Studios was spun-off into a publicly traded company named DreamWorks

Animation SKG, Inc., a defendant in this action, of which Katzenberg is Chief Executive Officer

and Director.  Upon information and belief, DreamWorks Animation SKG operates

independently from DreamWorks Studios and solely produces computer generated animated

feature films and programs.

58.     At DreamWorks Animation SKG, Mr. Katzenberg has been responsible for the

production of some of the highest grossing animated movies of all time including "Kung Fu

Panda" in 2008.

59.     In the late 1990's, Gordon sent his illustrations and stories, including those from

his Kung Fu Panda Power Work, to the animation division of DreamWorks Studios.

60.     In or around 1999, while vacationing in Belize, Gordon obtained the name and

contact information of a DreamWorks Studios employee.  After returning to the United States,

Gordon mailed a package that contained a number of his illustrated works, including Gordon's

Kung Fu Panda Power Work, directly to this employee at DreamWorks Studios.  The Company

acknowledged receipt of Gordon's package in a rejection letter it mailed to Gordon dated

October 15, 1999.

61.     In 1999, Gordon created a website, www.luckylizard.com, that displayed his

character illustrations and stories, including a selection of characters and stories from his Kung

Fu Panda Power Work.  Gordon's www.luckylizard.com website, and later his

www.jaymegordon.com website, featured parts of Gordon's Kung Fu Panda Power Work from

approximately 1999 to 2001.

62.     Upon information and belief, one or more of Defendants gained access to

Gordon's illustrations and stories, including those from Gordon's Kung Fu Panda Power Work

by receiving a copy or copies at or by Disney or DreamWorks Studios and/or by the display of Gordon's works on Gordon's websites or elsewhere.

### Gordon's United States Copyright Registrations

63.     On January 4, 2000, a Certificate of Registration was issued by the United States Copyright Office to Gordon for many of the works comprising Gordon's Union of Super Animals, including works titled "Super Duck Super Duck," "The Mighty 3," and "Jayme Gordon's Panda Power," which is a component of Gordon's Kung Fu Panda Power Work.  A true and correct copy of Gordon's United States Copyright Registration Certificate No. TX 867-275 issued by the United States Copyright Office on January 4, 2000 (the "2000 Copyright Registration"), a subsequently obtained Form CA No. TX 1-373-067, and United States Copyright Registration Certificate No. TX 1-757-767 covering some of the characters and other works comprising Gordon's Union of Super Animals as shown on one of Gordon's websites, is annexed hereto as Exhibit A.

64.     Gordon's 2000 Copyright Registration includes Gordon's illustrations of Redd and Kidd, a synopsis of one part of Gordon's Kung Fu Panda Power Work titled "Bamboo For Two," the Panda Power "P" logo design Gordon created and lyrics to an opening theme song for a "Panda Power" animated series.  A true and correct copy of "Jayme Gordon's Panda Power," registered under the 2000 Copyright Registration, is annexed hereto as Exhibit B.

65.     The sketches and drawings created in the early 1990s, including the sketches depicted above that feature characters in Gordon's Kung Fu Panda Power Work are registered with the United States Copyright Office.  A true and correct copy of Gordon's United States Copyright Registration Certificate Nos. VAu 1-053-083 and VAu 1-053-085, along with a true

and correct copy of the drawings deposited with the United States Copyright Office in connection with these registrations, are annexed hereto as <u>Exhibits C</u> and <u>D</u>, respectively.

66.    The adventures of Kidd, Redd, the "Five Fists of Fury" and "The Mighty 3" are memorialized in a literary work authored by Gordon through the 1990s and early 2000s and completed by 2002, which was later combined with Gordon's illustrations of these characters to create a work titled "The Book of P.U."  On June 4, 2008, a Certificate of Registration was issued by the United States Copyright Office to Gordon for "The Book of P.U." and other illustrations and text Gordon created, illustrated and authored, and mailed to the Copyright Office in May, 2008.  A true and correct copy of Gordon's United States Copyright Registration Certificate No. TXu 1-590-203 issued by the United States Copyright Office on June 4, 2008 (the "2008 Copyright Registration"), and a subsequently obtained Form CA No. TX 1-373-068, is annexed hereto as <u>Exhibit E</u>.

67.    Gordon's 2008 Copyright Registration includes "The Book of P.U.," which contains Gordon's illustrations of Redd, Kidd, the "Five Fists of Fury" and "The Mighty 3," a written story outline and portions of Gordon's "Kung Fu Panda Power" story, written character profiles, written descriptions and explanations of the settings in which Gordon's "Kung Fu Panda Power" story takes place, terms and phrases used within the story, member requirements for the "Five Fists of Fury," and a written synopsis of a derivative animated television series titled "Tales of the Kung Fu Pandas."  A true and correct copy of "The Book of P.U.," registered under the 2008 Copyright Registration, is annexed hereto as <u>Exhibit F</u>.

68.    From his early pencil sketches and drawings, Gordon created high quality artwork using Photoshop that features Redd, Kidd, "The Mighty Three" and the "Five Fists of Fury," which was registered by the United States Copyright Office.  A true and correct copy of

Gordon's United States Copyright Registration Certificate No. VAu 1-053-081 and the artwork deposited with the United States Copyright Office in connection with this registration are annexed hereto as Exhibit G.

69.     The characters, character depictions, character personality traits, illustrations, expression, settings, story elements, plot and sequences of events created and authored by Gordon that comprise Gordon's Kung Fu Panda Power Work constitute original, creative expression and works of authorship and are copyrightable subject matter, the copyright in which is owned solely by Gordon.

**Defendants' Exploitation of the "Kung Fu Panda" Film and "Secrets of the Furious Five"
Film and Other Infringing Works Derivative of Gordon's Kung Fu Panda Power
Work, and Defendants' Profits Derived From Their Infringement**

70.     As reported by DreamWorks Animation SKG in its Form 10-K Annual Report for the fiscal year ending on December 31, 2009 ("2009 10-K"), DreamWorks Animation SKG and its wholly owned subsidiary DreamWorks Animation Family Entertainment, LLC, entered into a distribution agreement and a fulfillment services agreement with Paramount in 2006, whereby Paramount advertises, publicizes, promotes, distributes, and exploits the films created by one or both of the DW Defendants including the "Kung Fu Panda" film, the "Secrets of the Furious Five" film, and the forthcoming "Kung Fu Panda 2" film.

71.     Upon information and belief, Defendants derive revenue from the worldwide exploitation of the "Kung Fu Panda" film and the "Secrets of the Furious Five" film through distributor Paramount, as well as through the licensing and merchandising of the films and the characters in these films, around the world.

72.     Upon information and belief, one or both of the DW Defendants derive revenue as a claimed copyright owner of the infringing works complained of herein and has the right and ability to control the exploitation of the intellectual property it owns.

73.     Upon information and belief, on or about June 6, 2008, the "Kung Fu Panda" film was released in theatres nationwide across the United States, including in the Commonwealth of Massachusetts.

74.     Upon information and belief, the "Kung Fu Panda" film has generated hundreds of millions of dollars in revenue and Defendants continue to profit from the "Kung Fu Panda" franchise.

75.     Since the release of the "Kung Fu Panda" film, Defendants have wrongfully created, displayed, distributed, and/or exploited works derivative of the "Kung Fu Panda" film, which are likewise derived and copied from Gordon's Kung Fu Panda Power Work, to build a highly lucrative Kung Fu Panda franchise.

76.     Upon information and belief, on or about November 9, 2008, along with the "Kung Fu Panda" film, the "Secrets of The Furious Five" film was released as a DVD in the United States.

77.     As reported during the Q3 2010 DreamWorks Animation SKG earnings conference call, held on October 26, 2010, "Kung Fu Panda Holiday," a special holiday television program, created by DreamWorks Animation SKG, aired on November 24, 2010 on NBC, Nickelodeon will premiere an animated television series based on the "Kung Fu Panda" film in 2011, and the company is starting to see success with its "Kung Fu Panda World," an on-line virtual world dedicated to "Kung Fu Panda," the copyright in which is claimed to be owned by DreamWorks Animation.

78.     As reported in its 2009 10-K, DreamWorks Animation SKG expected that the "online virtual world based on Kung Fu Panda… will realize revenue… through user subscription fees and advertising."  Upon information and belief, DreamWorks Animation's online virtual Kung Fu Panda World is located at www. kungfupandaworld.com.

79.     Upon information and belief, a sequel to the "Kung Fu Panda" film, currently titled "Kung Fu Panda 2," is scheduled for a June 3, 2011 domestic release.

80.     Upon information and belief, each and all of the Defendants infringed components of Gordon's Kung Fu Panda Work, and they knew, or should have known, of the infringing acts of each of the other Defendants, and they materially contributed to the infringement alleged herein.

81.     As a result of their wrongful conduct, Defendants are liable to Gordon for copyright infringement pursuant to 17 U.S.C. § 501.

82.     Gordon has suffered, and will continue to suffer, substantial losses as a result of Defendants' conduct complained of herein.

83.     Gordon is entitled to recover damages, which include his losses and any and all profits Defendants have made as a result of their wrongful conduct pursuant to 17 U.S.C. § 504.

84.     Gordon is entitled to recover statutory damages pursuant to 17 U.S.C. § 504.

85.     Gordon is entitled to recover his attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

86.     Upon information and belief, Defendants are, and at all times material hereto have been, acting in concert with the knowledge and consent of each other, and each and all of the Defendants jointly and severally participated in the infringing activities set forth herein, and each Defendant was acting within the course and scope of employment, partnership, and/or agency

with the other, and each of the Defendants is jointly and severally liable for the injuries to Gordon alleged herein.

## FIRST CLAIM FOR RELIEF

### Copyright Infringement, 17 U.S.C. §§ 101 *et seq.* – Against All Defendants

87.     Gordon alleges and incorporates by reference paragraphs 1 through 86, as though fully set forth herein.

88.     Gordon is the sole copyright owner of the illustrations, characters, and stories alleged to have been infringed herein, including those in Gordon's Kung Fu Panda Power Work, and all of the copyrightable expression embodied therein.

89.     Gordon owns valid, registered, and protectable copyrights in the illustrations and stories alleged to have been infringed herein, including those in his Kung Fu Panda Work, and the copyrighted expression embodied therein.

90.     The DW Defendants are directly liable for copyright infringement because, after obtaining access to Gordon's illustrations and stories, including those in Gordon's Kung Fu Panda Work, they copied copyrightable elements contained therein to create their "Kung Fu Panda" film, the "Secrets of the Furious Five" film, and additional derivative and licensed works including, but not limited to, the forthcoming "Kung Fu Panda 2" film, all of which are copied from and based on copyrightable elements embodied in Gordon's Kung Fu Panda Power Work.

91.     Paramount is directly liable for copyright infringement because it displays and distributes the "Kung Fu Panda" film, the "Secrets of the Furious Five" film and, upon information and belief, additional derivative and licensed works including, but not limited to, the forthcoming "Kung Fu Panda 2" film, all of which are copied from and based on copyrightable elements embodied in Gordon's Kung Fu Panda Power Work.

92.     The unauthorized copying, reproduction, display, performance, and distribution of works copied and derived from Gordon's illustrations, characters, and stories, including those of his Kung Fu Panda Power Work, constitute violations of the United States Copyright Act, and each and all Defendants are acting as direct infringers pursuant to 17 U.S.C. § 101 *et seq*.

93.     As a direct and proximate result of the wrongful conduct of Defendants, Gordon has suffered and continues to suffer substantial money damages at an amount to be proven at trial.

**SECOND CLAIM FOR RELIEF**

**Contributory Copyright Infringement – Against All Defendants**

94.     Gordon re-alleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 93 inclusive, as though fully set forth herein.

95.     Each Defendant is liable for contributory infringement in that it knew or should have known of the infringing activity alleged herein, and knowingly induced, caused and/or materially contributed to the infringing acts alleged herein, by aiding in the creation, development and/or exploitation of all of the works alleged herein to be infringing.

96.     The acts and conduct of each Defendant, as alleged herein, constitute contributory copyright infringement.

**THIRD CLAIM FOR RELIEF**

**Vicarious Copyright Infringement – Against All Paramount**

97.     Plaintiff re-alleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 96 inclusive, as though fully set forth herein.

98.     Each Defendant had the right, authority, and the ability to control or supervise the actions, failures, and omissions alleged herein that violated Gordon's copyrights in his illustrations and stories, including those in his Kung Fu Panda Power Work.

99.   Each Defendant obtained a direct financial benefit, interest, advantage, and/or economic consideration from the direct infringement of Defendants alleged herein.

100.   The acts and conduct of each Defendant, as alleged herein, constitute vicarious copyright infringement.

## PRAYER FOR RELIEF

WHEREFORE, Gordon prays as set forth above and for the following relief:

(i)   Ordering Defendants, jointly and severally, to pay Gordon damages he has sustained and will sustain, and any income, gains, profits, and advantages obtained by Defendants as a result of their wrongful acts alleged hereinabove pursuant to 17 U.S.C. § 504, in an amount which cannot yet be fully ascertained, but which shall be assessed at the time of trial;

(ii)   Ordering Defendants, jointly and severally, to pay Gordon statutory damages pursuant to 17 U.S.C. § 504, as Gordon may elect;

(iii)   Ordering Defendants, jointly and severally, to pay Gordon's attorneys' fees, expenses, and costs incurred in connection with this action, pursuant to 17 U.S.C. § 505, in an amount which cannot yet be fully ascertained, but which shall be assessed at the time of trial;

(iv)   Ordering Defendants, jointly and severally, to pay to Gordon pre- and post-judgment interest;

(v)   Ordering Defendants, jointly and severally, to acknowledge Gordon as an author and creator of Defendants' "Kung Fu Panda" film, "Secrets of the Furious Five" film, forthcoming "Kung Fu Panda 2" film, and all other works derivative thereto which have been released or authorized, and will be released or authorized, indirectly or directly, by Defendants; and

(vi)   For such other further relief and remedies the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby requests a trial by jury on each claim for relief alleged in the Complaint.

JAYME GORDON

By his attorneys,

Dated:  April 19, 2011                          By:  */s/ Gregory A. Madera*
                                                        Gregory A. Madera, BBO #313,020
FISH & RICHARDSON P.C.
One Marina Park Drive
Boston, MA 02210-1878
617-542-5070
madera@fr.com

Mark A. Fischer, BBO #167,100
DUANE MORRIS LLP
470 Atlantic Avenue, Suite 500
Boston, MA 02210-2243
(857) 488-4200
mafischer@duanemorris.com

Juanita R. Brooks, *pro hac vice*
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130
858-678-5070
brooks@fr.com

Michael J. Kane, *pro hac vice*
Joel D. Leviton, *pro hac vice*
FISH & RICHARDSON P.C.
3200 RBC Plaza
60 South Sixth Street
Minneapolis, MN 55402
612-335-5070
kane@fr.com; leviton@fr.com

Kristen McCallion*, pro hac vice*
FISH & RICHARDSON P.C.
601 Lexington Avenue, 52nd Floor
New York, NY 10022
212-765-5070
mccallion@fr.com

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 19th day of April, 2011.

/s/ Aileen Kelley
Aileen Kelley