UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAYME GORDON,<br><br>        Plaintiff,<br><br>v.<br><br>DREAMWORKS ANIMATION SKG, INC., DREAMWORKS ANIMATION LLC, and PARAMOUNT PICTURES CORP.,<br><br>        Defendants. | Civil Action No. 1:11-cv-10255-JLT |

Defendants DreamWorks Animation SKG, Inc., DreamWorks Animation LLC (collectively "DreamWorks" or the "DreamWorks Defendants") and Paramount Pictures Corporation, improperly sued as Paramount Pictures Corp. ("Paramount") (collectively "Defendants") answer the First Amended Complaint in this action as follows:

**DEFENDANTS' ANSWER TO COMPLAINT AND JURY DEMAND**

1.    Defendants admit that Plaintiff has made allegations of copyright infringement against Defendants. Defendants further admit that DreamWorks Animation LLC developed and produced *Kung Fu Panda*. Defendants further admit that Paramount distributed Kung Fu Panda. Defendants deny the remaining allegations of Paragraph 1, express or implied.

2.    Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 2 and, on that basis, deny the allegations.

3.    Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 3 and, on that basis, deny the allegations.

4. Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations that he routinely sent his works featuring illustrated characters to animation and film studios. Defendants deny the remaining allegations of Paragraph 4.

5. Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 5 and, on that basis, deny the allegations.

## THE PARTIES

6. Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 6 and, on that basis, deny the allegations.

7. Defendants admit that DreamWorks Animation SKG, Inc. is a Delaware corporation with its principal place of business in Los Angeles County, California.

8. Defendants admit that Defendant DreamWorks Animation LLC is a Delaware limited liability company with its principal place of business in Los Angeles County, California and that it is the copyright holder of the films entitled Kung Fu Panda and Kung Fu Panda 2.

9. Defendants admit that Defendant Paramount Pictures Corporation is a Delaware corporation that conducts business and is registered to do business in the District of the Commonwealth of Massachusetts with its principal place of business in Los Angeles County, California, and that it distributed or will distribute the motion pictures referred to in Paragraph 8.

## JURISDICTION AND VENUE

10. Defendants admit the allegations of Paragraph 10.

11. Defendants admit the allegations of Paragraph 11.

12. Defendants deny the allegations of Paragraph 12.

13. Defendants deny the allegations of Paragraph 13.

B3873331.1

## **FACTS**

14. Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 14 and, on that basis, deny the allegations.

15. Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 15 and, on that basis, deny the allegations.

16. Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 16 and, on that basis, deny the allegations.

17. Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 17 and, on that basis, deny the allegations.

18. Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 18 and, on that basis, deny the allegations.

19. Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 19 and, on that basis, deny the allegations.

20. Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 20 and, on that basis, deny the allegations.

21. Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 21 and, on that basis, deny the allegations.

22. Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 22 and, on that basis, deny the allegations.

23. Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 23 and, on that basis, deny the allegations.

24. Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 24 and, on that basis, deny the allegations.

25. Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 25 and, on that basis, deny the allegations.

26. Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 26 and, on that basis, deny the allegations.

27. Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 27 and, on that basis, deny the allegations.

28. Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 28 and, on that basis, deny the allegations.

29. Defendants admit that DreamWorks Animation LLC created an animated motion picture entitled *Kung Fu Panda*. Defendants deny the remaining allegations of Paragraph 29.

30. Defendants admit that the film, *Kung Fu Panda*, contains a panda protagonist named Po who learns kung fu, in part, from a red panda kung fu master named Shifu, and that the film also contains a group of animal kung fu masters known as "The Furious Five" who are comprised of a tigress, monkey, viper, crane and mantis. Defendants admit that the film, *Kung Fu Panda*, contains a locale known as the "Valley of Peace," which the panda protagonist defends. Defendants deny the remaining allegations of Paragraph 30.

31. Defendants admit that DreamWorks Animation LLC created *Secrets of the Furious Five*, featuring a panda protagonist named Po, a red panda named Shifu, and a group of animal kung fu masters known as "The Furious Five" who are comprised of a tigress, monkey, viper, crane and mantis. Defendants admit that *Secrets of the Furious Five* tells the story of the "Furious Five." Defendants deny the remaining allegations of Paragraph 31.

32. Defendants deny that *Secrets of the Furious Five* is a "film." Defendants admit the remaining allegations of Paragraph 32.

33. Defendants admit that DreamWorks Animation LLC created, financed, displayed and exploited *Kung Fu Panda* and *Secrets of the Furious Five*. Defendants admit that Paramount distributed *Kung Fu Panda* and "Secrets of the Furious Five." Defendants deny the remaining allegations of Paragraph 33.

34. Defendants admit that DreamWorks Animation LLC licenses rights to *Kung Fu Panda*. Defendants deny the remaining allegations of Paragraph 34.

35. Defendants admit that DreamWorks Animation LLC has produced a film entitled *Kung Fu Panda 2* and that a trailer for that film is currently displayed on kungfupanda.com. Defendants further admit that *Kung Fu Panda 2* is a sequel to *Kung Fu Panda* that will be distributed by Paramount. Defendants deny the remaining allegations of Paragraph 35.

36. Defendants deny the allegations of Paragraph 36.

37. Defendants deny the allegations of Paragraph 37.

38. Defendants admit that the character "Po" is a kung fu fighting panda bear with a large appetite. Defendants deny the remaining allegations of Paragraph 38.

39. Defendants admit that the character "Shifu" is a red panda and is a kung fu master. Defendants deny the remaining allegations of Paragraph 39.

40. Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 40 and, on that basis, deny the allegations.

41. Defendants admit that the characters known as the "Furious Five" appear in the film, *Kung Fu Panda*, and that they consist of a tigress, monkey, crane, viper and mantis. Defendants deny the remaining allegations of Paragraph 41.

42. Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 42 and, on that basis, deny the allegations.

43. Defendants admit that portions of the film, *Kung Fu Panda*, take place in the Valley of Peace. Defendants admit that portions of the animated short, *Secrets of the Furious Five*, take place in the Valley of Peace. Defendants deny the remaining allegations of Paragraph 43.

44. Defendants admit that Po's father, a goose, owns a Chinese noodle shop and admit that rhinoceroses serve as prison guards where a snow leopard is imprisoned in the film *Kung Fu Panda*. Defendants deny the remaining allegations of Paragraph 44.

45. Defendants deny the allegations of Paragraph 45.

46. Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 46 and, on that basis, deny the allegations.

47. Defendants admit that the character "Po" is a panda who works in a noodle shop and that he dreams of being a kung fu master. Defendants admit that Po is selected at a large ceremony attended by residents of the Valley of Peace and that the Furious Five are skeptical of Po's kung fu skills. Defendants admit that Shifu uses chopsticks during a scene involving Po's training and that Po ultimately defeats the evil snow leopard, Tai Lung. Defendants deny the remaining allegations of paragraph 47 and refer the Court to the film itself.

48. Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 48 and, on that basis, deny the allegations.

49. Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 49 and, on that basis, deny the allegations.

50. Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 50 and, on that basis, deny the allegations.

51. Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 51 and, on that basis, deny the allegations.

B3873331.1

52. Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 52 and, on that basis, deny the allegations.

53. Defendants admit Mr. Katzenberg was employed as an executive by The Walt Disney Company or one of its affiliates from 1984-1994.

54. Defendants admit Mr. Katzenberg was employed as an executive by The Walt Disney Company or one of its affiliates from 1984-1994 and during his tenure Disney's animated productions included *The Little Mermaid, Beauty and the Beast, Aladdin,* and *The Lion King*.

55. Defendants admit that Mr. Katzenberg worked as an executive at The Walt Disney Company or one of its affiliates and reported to Mr. Eisner during the time period in question. Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiff's remaining allegations in Paragraph 55 and, on that basis, deny the allegations.

56. Defendants admit that in or about 1994, Mr. Katzenberg left Disney and formed DreamWorks Studios with David Geffen and Steven Spielberg. Defendants admit that DreamWorks Animation, under Mr. Katzenberg, began to create and develop animated films. Defendants deny the remaining allegations of Paragraph 56.

57. Defendants admit the allegations of Paragraph 57.

58. Defendants admit the allegations of Paragraph 58.

59. Defendants admit that Plaintiff submitted an unsolicited package to DreamWorks Animation in or about October of 1999, but Defendants lack information or belief as to the contents of that package because the package was rejected and returned uncopied, in accordance with Defendants' policy regarding unsolicited material. Defendants deny the remaining allegations of Paragraph 59.

60. Defendants admit that DreamWorks Animation received an unsolicited submission in 1999 and returned that submission to Mr. Gordon uncopied on or about October

15, 1999, stating that the unsolicited submission had not been reviewed.  Defendants lack information or belief as to the contents of any unsolicited submissions from Mr. Gordon.  Defendants deny the remaining allegations of Paragraph 60.

61. Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 61 and, on that basis, deny the allegations.

62. Defendants deny the allegations of Paragraph 62.

63. Defendants admit that Mr. Gordon's purported copyright registrations are annexed to Mr. Gordon's Amended Complaint.  Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiff's remaining allegations in Paragraph 63 and, on that basis, deny the allegations.

64. Defendants admit that Mr. Gordon's purported copyright registrations are annexed to Mr. Gordon's Amended Complaint.  Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiff's remaining allegations in Paragraph 64 and, on that basis, deny the allegations.

65. Defendants admit that Mr. Gordon's purported copyright registrations are annexed to Mr. Gordon's Amended Complaint.  Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiff's remaining allegations in Paragraph 65 and, on that basis, deny the allegations.

66. Defendants admit that Mr. Gordon's purported copyright registrations are annexed to Mr. Gordon's Amended Complaint.  Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiff's remaining allegations in Paragraph 66 and, on that basis, deny the allegations.

67. Defendants admit that Mr. Gordon's purported copyright registrations are annexed to Mr. Gordon's Amended Complaint.  Defendants lack knowledge or information

sufficient to form a belief as to the truth of Plaintiff's remaining allegations in Paragraph 67 and, on that basis, deny the allegations.

68.     Defendants admit that Mr. Gordon's purported copyright registrations are annexed to Mr. Gordon's Amended Complaint. Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiff's remaining allegations in Paragraph 68 and, on that basis, deny the allegations.

69.     Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 69 and, on that basis, deny the allegations.

70.     Defendants admit that, pursuant to various agreements, Paramount distributes, advertises and promotes animated works owned by DreamWorks Animation LLC, including *Kung Fu Panda*, *Kung Fu Panda 2* and the animated short, *Secrets of the Furious Five*, and with respect to the remaining allegations, the Defendants refer the court to the documents themselves.

71.     Defendants admit that the DreamWorks defendants derive revenue from the exploitation of the film, *Kung Fu Panda*, and the animated short, *Secrets of the Furious Five*, as well as through the licensing and merchandising of these works and the characters in these works. Defendants deny the remaining allegations of Paragraph 71.

72.     Defendants admit that DreamWorks Animation LLC is the copyright owner of Kung Fu Panda and of Secrets of the Furious Five and has the right and ability to control the intellectual property it owns. Defendants deny the remaining allegations of Paragraph 72.

73.     Defendants admit the allegations of Paragraph 73.

74.     Defendants admit the allegations of Paragraph 74.

75.     Defendants deny the allegations of Paragraph 75.

B3873331.1

76. Defendants admit that *Secrets of the Furious Five* is an animated short that was released as a DVD in the United States on or about November 9, 2008. Defendants deny the remaining allegations of Paragraph 76.

77. Defendants admit that *Kung Fu Panda Holiday* is a special holiday television program which initially aired on NBC on or about November 24, 2010. Defendants admit that Nickelodeon will premiere an animated television series based on the *Kung Fu Panda* property in 2011 and that DreamWorks Animation LLC is starting to see success with its *Kung Fu Panda World*, an online virtual world dedicated to the property, *Kung Fu Panda*. Defendants deny the remaining allegations of Paragraph 77.

78. Defendants admit the allegations of Paragraph 78.

79. Defendants deny the allegations of Paragraph 79.

80. Defendants deny the allegations of Paragraph 80.

81. Defendants deny the allegations of Paragraph 81.

82. Defendants deny the allegations of Paragraph 82.

83. Defendants deny the allegations of Paragraph 83.

84. Defendants deny the allegations of Paragraph 84.

85. Defendants deny the allegations of Paragraph 85.

86. Defendants deny the allegations of Paragraph 86.

## FIRST CLAIM FOR RELIEF

87. Defendants reallege and incorporate by reference as though set forth fully herein their answers to paragraphs 1-86.

88. Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 88 and, on that basis, deny the allegations.

10

89. Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 89 and, on that basis, deny the allegations.

90. Defendants deny the allegations of Paragraph 90.

91. Defendants deny the allegations of Paragraph 91.

92. Defendants deny the allegations of Paragraph 92.

93. Defendants deny the allegations of Paragraph 93.

## SECOND CLAIM FOR RELIEF

94. Defendants reallege and incorporate by reference as though set forth fully herein their answers to paragraphs 1-93.

95. Defendants deny the allegations of Paragraph 95.

96. Defendants deny the allegations of Paragraph 96.

## THIRD CLAIM FOR RELIEF

97. Defendants reallege and incorporate by reference as though set forth fully herein their answers to paragraphs 1-96.

98. Defendants deny the allegations of Paragraph 98.

99. Defendants deny the allegations of Paragraph 99.

100. Defendants deny the allegations of Paragraph 100.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

101. The Complaint, and the claim for relief alleged therein, fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

102. The relief sought by Plaintiff is barred by the equitable doctrine of laches.

### Third Affirmative Defense

103. The relief sought by Plaintiff is barred by the equitable doctrine of waiver.

### Fourth Affirmative Defense

104. The relief sought by Plaintiff is barred by the equitable doctrine of unclean hands.

### Fifth Affirmative Defense

105. The Complaint, and the claim for relief alleged therein, is barred by the applicable statute of limitations, including without limitation 17 U.S.C. § 507(b).

### Sixth Affirmative Defense

106. The Complaint, and the claim for relief alleged therein, is barred because the work was independently created.

### PRAYER FOR RELIEF

WHEREFORE, Defendants pray for judgment against Plaintiff as follows:

1. That Plaintiff recover nothing by his Complaint.

2. For costs and legal fees of the suit herein; and

3. For such other and further relief as the Court deems just and proper.

B3873331.1

## JURY DEMAND

Defendants hereby respectfully request a trial by jury of all issues so triable.

Dated: May 6, 2011

Respectfully submitted,

DREAMWORKS ANIMATION SKG, INC.,
DREAMWORKS ANIMATION, LLC, and
PARAMOUNT PICTURES CORP.,

By their attorneys,

/s/ Julia Huston
John A. Shope (BBO #562056)
Julia Huston (BBO #562160)
David A. Kluft (BBO# 658970)
FOLEY HOAG LLP
Seaport West
155 Seaport Boulevard
Boston, Massachusetts 02210-2600
Telephone:  617.832.1000
Facsimile:  617.832.7000
jhuston@foleyhoag.com
jshope@foleyhoag.com
dkluft@foleyhoag.com

Jonathan Zavin
(Motion for Admission *Pro Hac Vice* Pending)
LOEB & LOEB LLP
345 Park Avenue
New York, New York 10154
Telephone: 212.407.4161
Facsimile:  212.658.9105

David Grossman
(Motion for Admission *Pro Hac Vice* Pending)
LOEB & LOEB LLP
10100 Santa Monica Blvd., Suite 2200
Los Angeles, California 90067
Telephone:  310.282.2000
Facsimile:  310.282.2200

CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on the above date.

      /s/ Julia Huston

LA2123608.4
216322-10002

B3873331.1