UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAYME GORDON,<br><br>        Plaintiff,<br><br>v.<br><br>DREAMWORKS ANIMATION SKG, INC., DREAMWORKS ANIMATION LLC, and PARAMOUNT PICTURES CORP.,<br><br>        Defendants. | Civil Action No. 1:11-cv-10255-JLT |

**MEMORANDUM IN SUPOPORT OF DEFENDANTS'
EMERGENCY MOTION TO COMPEL COMPLIANCE WITH PRIOR COURT
<u>ORDER ON FORENSIC EXAMINATION AND FOR SANCTIONS</u>**

**I.   INTRODUCTION**

Defendants DreamWorks Animation SKG, DreamWorks Animation LLC and Paramount Pictures Corp. (collectively, "Defendants") respectfully move, pursuant to the Court's April 17, 2012 Order [Docket No. 81] (the "Compel Order") and Fed. R. Civ. P. 37(a) to compel Plaintiff's compliance with the terms of the Compel Order, which required Plaintiff, *inter alia*, to produce all of the original sketches and artwork produced in this action for forensic examination and testing by Defendants' forensic expert, William J. Flynn (<u>see</u> Compel Order ¶ 1(d)), without any of the additional encumbrances that Plaintiff now seeks to impose.  Specifically, Defendants seek an Order requiring Plaintiff to comply with the Court's Compel Order as issued and prohibiting Plaintiff, his attorneys and his agents from: (1) having Plaintiff's opposing expert present during the examination and testing to oversee and monitor Mr. Flynn's work; (2)

videotaping Mr. Flynn's examination; and (3) otherwise interfering with Mr. Flynn's forensic examination and testing process. Pursuant to the Court's inherent authority and Fed. R. Civ. P. 37(a)(5), and by reason of Plaintiff's wanton disregard of the Court's Compel Order, Defendants further request that sanctions be imposed and that Defendants be awarded the attorneys' fees and costs incurred in connection with this Motion.

As grounds for this Motion, Defendants state that Plaintiff and his counsel have attempted to impose all of the above intrusions on Mr. Flynn's forensic examination and testing, which was ordered by the Court without any such impositions; that Plaintiff failed, during the extensive briefing and oral argument on this issue, to raise even the possibility that Plaintiff would seek to intrude on Mr. Flynn's testing in this manner; and that there simply is no legitimate reason to videotape or to allow an opposing expert to monitor and oversee the examination and testing that will be conducted by Mr. Flynn, a highly qualified document forensics expert who has over forty-four (44) years of experience in the field. Plaintiff's expert can conduct his own examination and testing at any time, and there is no legitimate basis to permit the oppressive, and entirely unnecessary, intrusions that Plaintiff unilaterally seeks to impose, after having failed to raise this issue at any time until after Court's issuance of the Compel Order.

## II.   FACTUAL BACKGROUND

On March 12, 2012, Defendants filed their Motion to Compel (Docket No. 59) seeking, among other things, an order compelling Plaintiff to produce his hand-drawn sketches and

artwork for forensic examination and testing that could, potentially, shed light on when Plaintiff's "Kung Fu Panda Power" and "Five Fists of Fury" works were actually created.[1]

Prior to Defendants' filing of their Motion to Compel, Plaintiff only agreed to allow Mr. Flynn, Defendants' identified expert, to conduct a useless "visual inspection" and then to seek Plaintiff's further approval to conduct any actual testing, which would depend on whether Plaintiff's counsel deemed any such testing "appropriate." Grossman Aff., Ex. A (Mar. 8, 2012, 10:12 a.m. E-mail from Kristen McCallion). In Plaintiff's Opposition Brief (Docket No. 65) on Defendants' Motion to Compel, Plaintiff, for the first time, agreed that a forensic examination of the sketches would be appropriate, but then sought to impose the burdensome requirement that Mr. Flynn maintain a record of his "receipt, inspection, testing and alteration of every original document." Opp. Brief, at 20.

By the Court's Order dated April 17, 2012, the Court ruled that Plaintiff was required to produce his original sketches and artwork for forensic examination and categorically rejected all of the needless encumbrances that Plaintiff had sought to impose. Mirroring Mr. Flynn's agreement that "[a] **custodian of records** can accompany the original file to our laboratory and observe the entire testing procedure if the plaintiff wishes to do so" (Flynn Aff., ¶ 8), the Compel

---

[1] Some of these sketches contain hand-drawn copyright inscriptions dating the works to various times in the 1990s. These dates were inherently suspect, as all of the existing evidence in this action leads to the conclusion that Plaintiff never created any of these works until after watching a trailer for Defendants' *Kung fu Panda* film in 2008, including: (1) Plaintiff's failure to register any of these works in the seven copyright registrations he filed from 1990-2000, containing hundreds of his other characters and artwork; (2) the appearance of none of these drawings on any of his websites that were maintained from 1999-2002; (3) the obvious disparity between the content of these sketches and Plaintiff's earlier "Panda Power" cartoon property that was registered in 1999 and 2000 and that appeared on his website at the time; and (4) the lack of any evidence indicating that Plaintiff ever sent these works to anyone at any time prior to 2008, including his numerous submissions and rejection letters sent to and received from various studios and production companies that discussed Plaintiff's other works, but never "Kung Fu Panda Power" or the "Five Fists of Fury."

3

Order provided only that "Plaintiff may elect to have a **records custodian** accompany the documents when they are taken for testing." Compel Order, ¶ 1(d). The Court did *not* provide, nor did Plaintiff ever request, that Plaintiff be permitted to have his own opposing expert monitor Mr. Flynn's work or videotape the process.

In fact, in their Reply Brief (Docket No. 72), even though Plaintiff had never made the request, Defendants expressly addressed this scenario, stating:

> To the extent Plaintiff is demanding to have his expert present during Mr. Flynn's review and testing, this is inappropriate (as Defendants have not had that luxury or ability during the years in which Plaintiff's counsel has maintained these documents) and it has been rejected by Courts in similar situations. See, e.g., Diepenhorst v. City of Battle Creek, 2006 U.S. Dist. LEXIS 48551, *3-*4 (W.D. Mich. June 30, 2006) (rejecting non-moving party's proposal to have its expert present at time of moving party's forensic examination, noting that "[t]he expert has submitted an affidavit averring that he will be careful to maintain the integrity of the evidence and will not tamper with it in any fashion.").

Reply Brief, at 11. Plaintiff never contested this position during the April 17, 2012 oral argument. Thus, while seeking to impose other unnecessary burdens and encumbrances on Mr. Flynn and Defendants, Plaintiff and his counsel never once suggested in the Opposition Brief, during the April 17, 2012 oral argument, or in any prior correspondence that they would seek to have Plaintiff's own opposing expert present during the examination and testing to oversee and monitor Mr. Flynn's work, or to videotape Mr. Flynn's examination. Moreover, the Court's order made no provision permitting Plaintiff to have his own expert present during Mr. Flynn's examination or testing procedures, or to videotape it.

Following the Court's order, Defendants' counsel informed Plaintiff's counsel that Mr. Flynn would come to Boston on April 26, to perform the first part of the examination. It was only after this, and only after all the briefing had been completed on Defendants' Motion to Compel, after the April 17 oral argument, and after the court issued the Compel Order rejecting every one of the needless and burdensome restrictions that Plaintiff had requested, that Plaintiff's

4

counsel sought, for the first time by e-mail on April 23, **to impose an entirely different protocol** going beyond the bounds of the Compel Order. Plaintiff's counsel informed Defendants that the "records custodian" was not a records custodian at all, but their own opposing document forensics expert, Dr. Albert Lyter. Grossman Aff., Ex. B (April 23, 2012, 3:50 p.m. E-mail from Juanita Brooks). Plaintiff's counsel further informed Defendants that they would be videotaping Mr. Flynn's examination of the original documents. Finally, according to Plaintiff's counsel's unilateral demand, "[i]f, after the on-site examination, Mr. Flynn determines that one or more of the documents need to be transported to his lab in Arizona for further tests, Dr. Lyter will transport the documents identified by Mr. Flynn and be present in Arizona for the testing." Id. All of this, according to Plaintiff, would be subject to the schedule of Plaintiff's expert. Id. ("Dr. Lyter and Mr. Flynn can coordinate their respective schedules in order to assure that all of the testing is completed in as expeditious a manner as possible.").

By e-mail dated April 24, 2012, Defendants' counsel rejected Plaintiff's unilateral attempt to impose a new protocol on Mr. Flynn's examination and testing. Id. The parties further met-and-conferred by telephone on April 24, but were unable to resolve this matter. Grossman Aff., ¶ 4.

### III.   DISCUSSION

Plaintiff's unilateral attempt now to impose additional burdens through a newly devised protocol – never once raised prior to the Court's issuance of the Compel Order, and not endorsed by the Compel Order – is patently inappropriate and should be rejected.

First, the Court's Compel Order issued on April 17, 2012 expressly rejected all of the other restrictions and burdens that Plaintiff had previously sought to impose, and does not permit Plaintiff to unilaterally impose additional restrictions and parameters on Mr. Flynn's testing that were not raised to, or addressed by, the Court. Clearly, having the opposing party's own expert

monitor and oversee the entire testing process is far different, and far more oppressive, than "hav[ing] a **records custodian** accompany the documents when they are taken for testing." Compel Order, ¶ 1(d). In fact, this provision of the Court's Order directly mirrored the language of Mr. Flynn's affidavit, which was included in Mr. Flynn's affidavit to mollify any purported concerns that the documents would be lost or destroyed in transport, not as an invitation to have Plaintiff's expert act as a watchdog and look over Mr. Flynn's shoulder during the forensic testing process. Plaintiff's counsel now seeks to exploit Defendants' accommodation by stretching the term "records custodian" beyond anything the Court, and certainly Mr. Flynn, could possibly have intended.

Second, during the April 17 hearing on this matter, Plaintiff did not contest Defendants' position set forth in the Reply Brief that having the opposing expert present during Mr. Flynn's examination and testing would be improper. Nor has Plaintiff *ever* raised the prospect of having their own opposing expert monitor the process, or of videotaping My. Flynn's procedures. Plaintiff's belated attempt, after the issuance of the Court's Order, to unilaterally impose additional restrictions that Plaintiff never requested during the parties' briefing or at the hearing, and that the Court did not address, is improper and, frankly, sanctionable. At the least, any right that Plaintiff would or could have had to the proposed post-order protocol has been waived.

Third, Defendants' expert, William J. Flynn, is highly qualified document forensics expert who has worked in this field for over forty-four (44) years and is Board Certified by the American Board of Forensic Document Examiners (the "ABFDE"), also having served in the past as President of the ABFDE. Flynn Aff., ¶ 2 (Docket No. 62). He has stated in his affidavit that the testing will not cause physical damage to the face of the documents, and that any removal of ink samples will be measured in micrograms so as to be barely detectable by the

human eye. Id., at ¶¶ 4, 7. As Defendants explained in the Reply Brief on their Motion to Compel, Mr. Flynn's qualification and his affidavit are enough to obviate any legitimate concern regarding the state of the documents.

Further, as discussed at the hearing, the documents themselves have already been bates-stamped, produced, and marked as exhibits. There is no basis for Plaintiff's concern regarding the original documents, as they are no longer necessary to this litigation. Nevertheless, and as an accommodation, Defendants proposed that a custodian of records could accompany Mr. Flynn when he transports the documents back to his laboratory. Defendants never proposed that an opposing expert would chaperone Defendants' expert during his review of this evidence. This is patently inappropriate, would never have been agreed to by Defendants, and was never raised with the Court. See, e.g., Diepenhorst v. City of Battle Creek, 2006 U.S. Dist. LEXIS 48551, *3-*4 (W.D. Mich. June 30, 2006) (rejecting non-moving party's proposal to have its expert present at time of moving party's forensic examination, noting that "[t]he expert has submitted an affidavit averring that he will be careful to maintain the integrity of the evidence and will not tamper with it in any fashion.").

Fourth, there is absolutely no need to encumber Mr. Flynn's examination and testing with videotaping, Dr. Lyter's oversight, or Dr. Lyter's schedule. In addition to Mr. Flynn's indisputable qualifications, Plaintiff's own expert can at any time conduct his own forensic examination of Plaintiff's sketches. Plaintiff can also videotape or photograph the sketches as they exist now, at any time from now until Mr. Flynn's examination, in order to memorialize and document their current state.

Fifth, Plaintiff's post-order protocol represents yet another attempt by Plaintiff to deny Defendants' equal access to the same evidence. The mere fact that Plaintiff has a retained expert

7

demonstrates that Plaintiff himself has provided or can provide his own expert with unfettered access to these documents, and neither Defendants, nor their consultant, Mr. Flynn, have had any transparency into what documents he has reviewed, what tests have been conducted, or what measures he has taken to examine these materials.  The only reason that this issue ever came before the Court is based on Plaintiff's prior refusal to allow Defendants equal access to evidence that they have been withholding.  Now, having lost in their attempts to deny Defendants access to these documents, Plaintiff now seeks to harass and intimidate Defendants' consultant by videotaping his every move and by sending a competing professional to his work laboratory.  Permitting Plaintiff's demand to go unchecked would provide Plaintiff with the ability to review every step of Mr. Flynn's work, when Defendants have been denied any ability to review the work or process of Plaintiff's expert.  Further, since Mr. Flynn has not yet been designated as a "testifying expert," Plaintiffs are attempting to improperly obtain his work product in a manner not allowed by the Federal Rules.

For the foregoing reasons, the restrictions Plaintiff seeks to impose are contrary to the clear terms of the Court's April 17 Compel Order; were never once raised and thus have been waived; are patently unnecessary, improper, and unsupported by any legitimate concern that Plaintiff could possibly raise; and constitute just the latest in a series of attempts to obstruct and impede Defendants' attempt to obtain equal access to Plaintiff's sketches.  All such attempts have previously been rejected by this Court and should be rejected once again.

## CONCLUSION

Accordingly, Defendants request that this Motion be granted in its entirety. Specifically, Defendants request an Order:

a) ordering Plaintiff to immediately deliver all original documents and artwork to Defendants' counsel for forensic examination and testing by Mr. Flynn – Defendants

8

      will provide a bates-numbered list of the documents that must be turned over to Defendants' counsel's offices within two (2) days of the Court's ruling;

b) permitting Plaintiff to send only a non-expert records custodian, employed by Plaintiff's counsel as either a paralegal or associate, to attend Mr. Flynn's examination which will occur in Defendants' counsel's offices and which examination will be noticed by Defendants' counsel;

c) permitting Mr. Flynn to take any original documents he deems relevant to his laboratory for further testing after his initial examination – with only a normal records custodian permitted to accompany those documents;

d) prohibiting Plaintiff from videotaping or photographing Mr. Flynn's examination or testing of Plaintiff's documents and artwork;

e) barring Plaintiff from further delaying Mr. Flynn's forensic examination and testing with any additional restrictions, encumbrances or parameters for such examination and testing;

f) pursuant to the Court's inherent authority and Fed. R. Civ. P. 37(a)(5), ordering Plaintiff to pay the attorneys' fees and costs incurred by Defendants in bringing this Motion.

Pursuant to Local Rule 7.1(d), Defendants hereby request oral argument on this Motion on an expedited basis at the Court's earliest convenience.

|  |  |
|---|---|
| Dated: April 25, 2012 | Respectfully submitted,<br><br>DREAMWORKS ANIMATION SKG, INC., DREAMWORKS ANIMATION, LLC, and PARAMOUNT PICTURES CORP.,<br><br>By their attorneys,<br><br>/s/ David A. Kluft<br>John A. Shope (BBO #562056)<br>Julia Huston (BBO #562160)<br>David A. Kluft (BBO# 658970)<br>FOLEY HOAG LLP<br>Seaport West<br>155 Seaport Boulevard<br>Boston, Massachusetts 02210-2600<br>Telephone:  617.832.1000<br>Facsimile:  617.832.7000<br>jhuston@foleyhoag.com<br>jshope@foleyhoag.com<br>dkluft@foleyhoag.com<br><br>Jonathan Zavin<br>Wook Hwang<br>LOEB & LOEB LLP<br>345 Park Avenue<br>New York, New York 10154<br>Telephone:  212.407.4161<br>Facsimile:   212.658.9105<br><br>David Grossman<br>LOEB & LOEB LLP<br>10100 Santa Monica Blvd., Suite 2200<br>Los Angeles, California 90067<br>Telephone:  310.282.2000<br>Facsimile:  310.282.2200 |

B4004488v1

Certificate Of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on the above date.

/s/ David A. Kluft