UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JAYME GORDON,<br><br>            Plaintiff,<br><br>v.<br><br>DREAMWORKS ANIMATION SKG, INC., DREAMWORKS ANIMATION LLC, and PARAMOUNT PICTURES CORP.,<br><br>            Defendants. | Civil Action No. 1:11-cv-10255-JLT |

## AFFIDAVIT OF KEVIN FAULKNER

I, KEVIN FAULKNER, declare as follows:

1.      I am a Director in the eDiscovery & Records Management group at Protiviti Inc. ("Protiviti"), a subsidiary of Robert Half International Inc., a company that provides electronic discovery and computer forensics services.  I have fourteen (14) years of experience in the technology industry and over eight (8) years of experience in the computer forensics and electronic discovery fields, during which I have coordinated and managed hundreds of complex data collections, electronic discovery processing, review and production efforts, and forensic examination and analysis of computers and other electronic systems in connection with litigation.  In this capacity, I have prepared affidavits and expert reports, and have testified in depositions and hearings in state and federal courts throughout the United States.

2.      Pursuant to the Court's April 17, 2002 Order in this action, Protiviti was retained by Defendants to conduct a forensic examination and analysis of Plaintiff Jayme Gordon's computers and other memory storage devices, as well as his e-mail accounts.

3. On April 23, 2012, Plaintiff's counsel, Fish & Richardson, provided Protiviti with information to login and access three (3) of Plaintiff's e-mail accounts: info@jaymegordon.com, luckylizard@aol.com, and payontime@hotmail.com. These e-mail accounts contained 2594 separate e-mails and attachments. All of these e-mails were sent between 2009 and 2012.

4. On April 26, 2012, Fish & Richardson provided Protiviti with information to access an additional five (5) e-mail accounts maintained by Plaintiff: athurtheartist@aol.com, atomichorizon@aol.com, kidcupid@aol.com, luckyl1zrd@aol.com, and luckylizard1@aol.com. These e-mail accounts contained an additional 982 separate e-mails and attachments. These additional e-mail were all sent between 2011 and 2012.

5. Pursuant to the protocol set forth in Schedule A of the Court's April 17 Order, I provided a search report of the e-mails contained in these eight (8) e-mail accounts on May 8, 2012, to counsel for both parties in this action. These e-mails were provided to the parties' respective counsel in accordance with the Court-ordered protocol.

6. In addition, on April 23, 2012, I traveled to Boston to create mirror-images of Plaintiff's computers and other memory storage devices. Plaintiff delivered four (4) computers to Protiviti's office in Boston that day. No USB thumb drives, discs or other memory storage devices were provided by Plaintiff. I created two mirror-images of the hard drives contained in the four computers provided by Plaintiff, and gave one set of these mirror-images to Plaintiff's counsel in accordance with the Court's Order.

7. Since creating the mirror-images, Protiviti has been analyzing them to determine whether there are any electronic files that appear reasonably related to this action based on the documents that were provided to Protiviti by Defendants' counsel, which included the Amended Complaint, the "Book of P.U.," files from Plaintiff's websites, and several of Plaintiff's copyright registrations.

8.  Due to the complexity of the forensic analysis process, including the recovery of deleted files, Protiviti's examination and analysis of the mirror-images is ongoing. However, over the course of the past month, Protiviti has been unable to identify any electronic files on the mirror-images that relate to this action, including the five categories of documents that are set forth in paragraph 5 of Schedule A to the Court's April 17 Order. The four computers that were turned over to Protiviti consisted of two used computers that neither Gordon nor his family appear to use on any regular basis, one computer that appears to be used primarily by Gordon's son, and a fourth computer that has little to no information on it of relevance to this action. Thus far in Protiviti's forensic examination, none of these computers appear to have any Photoshop files, images or other artwork remotely similar to those contained in the documents provided to me by Defendants' counsel.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 4th day of June, 2012, at New York, New York.

/s/ Kevin Faulkner
Kevin Faulkner
Director, Protiviti Inc.

<u>Certificate Of Service</u>

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on June 4, 2012.

                                         /s/ David A. Kluft

B4017527v1