

Seaport West
155 Seaport Boulevard
Boston, MA 02210-2600

617 832 1000 *main*
617 832 7000 *fax*

John A. Shope
Partner
*617 832 1233 direct*
jshope@foleyhoag.com

November 21, 2012

Ms. Zita Lovett
Assistant Clerk
United States District Court
  for the District of Massachusetts
One Courthouse Way
Boston, MA 02210

    Re:   ***Gordon v. DreamWorks Animation LLC, et al.,***
           <u>**Civil No. 1:11-cv-10255 JLT**</u>

Dear Ms. Lovett:

    As you will recall, we represent the defendants in this case. This will respond to yesterday's letter from Attorney Gregory Madera, who represents plaintiff Jayme Gordon.

    First, we disagree with Attorney Madera's implication that Judge Tauro has already decided to schedule a trial date.

    It will be recalled that, at the hearing on June 6, 2012, the Court scheduled the hearing on the pending motion for summary judgment and motion to dismiss based on spoliation of evidence for August 14, 2012. Because the defendants argued that a trial should not be scheduled until after the result of the motions would be known, on June 6 the Court scheduled trial for January 22, 2013 — that is, five (5) months after the anticipated hearing date of August 14. That way, it was expected that the parties would not need to incur the expense of engaging experts (on such issues as damages, prior art, electronic file deletion, and forgery) and making related and other pretrial disclosures if, as a result of the motions, there would be no trial or its scope would be reduced by the rulings on the motions. After the Court moved the hearing date on the two motions to yesterday, November 19, 2012, it sensibly vacated the trial date in January.

    Nothing has since materially changed, but the plaintiff's counsel now proposes a trial starting in January, February, or March — even though the Court may not have ruled on the motions by then and, even if the Court were to rule today, there would be no time for the initial expert disclosures due ninety days before trial under Fed. R. Civ. P. 26(a)(2)(D), not to speak of rebuttal experts.

Ms. Zita Lovett
November 21, 2012
Page 2

Furthermore, the plaintiff's estimate that the trial will last only one week, which estimate was made without consulting with defense counsel, is simply not realistic. The defendants anticipate calling more than fifteen (15) witnesses (including on such issues as the independent creation of *Kung Fu Panda*, without use of any material from Mr. Gordon). A more realistic estimate is that a trial of all claims in the current complaint would take four weeks once jury selection is taken into account.

At this point it is unknown when the Court will be able to rule on the two pending dispositive motions, both of which involve very extensive briefing. In addition, even if not all claims are dismissed (the defendants contend that they should be), the Court's ruling (for example, exclusion of the "Book of P.U.") would dramatically affect the nature and duration of the trial, as well as the subjects on which expert testimony will be necessary. The defendants therefore respectfully suggest that any trial be scheduled at a status conference to be held immediately after the Court rules on the two pending dispositive motions, thus avoiding the likelihood of needless expense to the parties and numerous non-party witnesses in the interim.

If the Court nonetheless wishes to schedule a trial at this time, the defendants suggest that the trial be set for no sooner than approximately five (5) months after the Court's ruling on dispositive motions. Assuming that a ruling is issued in the next few months, Defendants' propose that trial be scheduled in either June or September. The defendants respectfully request that the trial not be scheduled for July or August due to the likely unavailability during those months of third-party witnesses who are not under the defendants' control.

                                                Respectfully submitted,

                                                /s/ John A. Shope

                                                John A. Shope

cc:  All Counsel of Record