UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JAYME GORDON,<br><br>        Plaintiff,<br><br>        v.<br><br>DREAMWORKS ANIMATION SKG, INC., DREAMWORKS ANIMATION LLC, and PARAMOUNT PICTURES CORP.,<br><br>        Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 1:11-cv-10255-JLT |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF
THEIR MOTION FOR RECONSIDERATION OR, IN THE ALTERNATIVE,
CERTIFICATION OF ISSUE FOR APPEAL PURSUANT TO 28 U.S.C. § 1292(b)**

Jonathan Zavin
LOEB & LOEB LLP
345 Park Avenue
New York, New York 10154
Telephone:  212.407.4161
Facsimile:  212.658.9105

David Grossman
LOEB & LOEB LLP
10100 Santa Monica Blvd., Suite 2200
Los Angeles, California 90067
Telephone:  310.282.2000
Facsimile:  310.282.2200

John A. Shope (BBO #562056)
Julia Huston (BBO #562160)
David A. Kluft (BBO# 658970)
FOLEY HOAG LLP
Seaport West
155 Seaport Boulevard
Boston, Massachusetts 02210-2600
Telephone:  617.832.1000
Facsimile:  617.832.7000
jhuston@foleyhoag.com
jshope@foleyhoag.com
dkluft@foleyhoag.com

Table of Contents

Introduction ......................................................................................................................... 1

Undisputed Facts ................................................................................................................. 2

      A.     Gordon Did Not Retain Or Register The Material He Claims DreamWorks
            Unlawfully Copied, And His 2000 and 2011 Registrations Do Not Contain
            What He Supposedly Sent To DreamWorks In 1999. .............................................. 2

Discussion .......................................................................................................................... 4

I.      THE COURT SHOULD RECONSIDER ITS RULING AND GRANT THE
        MOTION FOR SUMMARY JUDGMENT ................................................................ 4

      A.     Gordon's Failure To Register Or Retain What He Allegedly Sent
            DreamWorks Is A Failure Of Proof Requiring Dismissal. ..................................... 5

II.     IN THE ALTERNATIVE, THE COURT SHOULD CERTIFY ITS ORDER FOR
        INTERLOCUTORY APPEAL. ................................................................................. 8

      A.     There Is A Controlling Question Of Law. .............................................................. 9

      B.     There Is A Substantial Ground For Difference Of Opinion. ................................... 9

      C.     Interlocutory Appeal Would Materially Advance The Ultimate Termination
            Of The Litigation. ............................................................................................... 10

Conclusion ....................................................................................................................... 11

B4119883v1

**Introduction**

On March 28, 2013, the Court issued an <u>Order</u> and <u>Memorandum</u> [#180-81] allowing, in part, Defendants' <u>Motion To Dismiss on Grounds of Spoliation</u> [#117], and denying Defendants' <u>Motion for Summary Judgment</u> [#99] on four independent grounds (the "Order").  Defendants hereby respectfully move for reconsideration of the Court's summary judgment ruling on one ground involving undisputed facts and a pure question of law.

In all copyright cases, the plaintiff must prove that the defendant's allegedly infringing work is copied from and is "substantially similar" to the plaintiff's allegedly infringed work.  In the absence of direct proof of copying, a plaintiff can prove copying by showing that the defendant had access to a specific work, and that defendant's work is substantially similar to the work to which he had access.  A plaintiff cannot prove copying by showing that the defendant had access to one of plaintiff's works, and that defendant's work is substantially similar to a different one of plaintiff's works.  Further, a judge or jury must be able to do a side-by-side comparison of the specific work allegedly copied and the defendant's work, in order to determine whether elements that are sufficiently distinctive to be protected by copyright have in fact been copied.  The First Circuit and other circuit courts have held that the requisite comparison cannot be performed without an exact copy of what the defendant supposedly accessed and copied.

In this case, no such comparison is possible because plaintiff Gordon admits that he does not have an exact copy of what he alleges he sent to DreamWorks.  The most he can offer is oral testimony that he sent vaguely-described materials to DreamWorks in 1999 that are admittedly different, in unknown respects, from works that he registered for copyright in 2000 and 2011.  It is thus unknowable whether <u>Kung Fu Panda</u> is substantially similar to Gordon's missing

B4119883v1

submission, or if any purported similarity involves protectable elements or merely common generic and unprotected ideas such as the concept of "pandas in China."

In the Order, the Court stated that Gordon "need not provide the exact materials submitted to DreamWorks." Order at 15-16. The defendants move for reconsideration of that ruling, which they respectfully contend is contrary to First Circuit precedent, as well as the decisions of other federal circuit courts. Because the issue is purely one of law and would dispose of the entire case without an extremely costly trial requiring testimony on behalf of DreamWorks of more than 15 party and non-party witnesses (all from California) over three to four weeks, the defendants alternatively request that the Court certify its Order for interlocutory appeal under 28 U.S.C. § 1292(b).

## Undisputed Facts

### A.   Gordon Did Not Retain Or Register The Material He Claims DreamWorks Unlawfully Copied, And His 2000 and 2011 Registrations Do Not Contain What He Supposedly Sent To DreamWorks In 1999.

Gordon testified he believes that he sent DreamWorks materials consisting of a story "outline" and some sketches in in 1999. Order at 4-5, Grossman Decl., Ex. A (Gordon Depo., 470:2-23).[1] Gordon did not retain this material or any documents supporting his testimony (Order at 4-5), but attempted to cure this evidentiary defect by *orally* describing the contents of what that he supposedly sent to DreamWorks. Gordon Depo., 324:12-23, 470:7-479:1. The Court recognized that Gordon does not have a registered copy of the material he claims to have sent to DreamWorks in 1999, but noted that Gordon has copyright registrations containing pandas that were registered in 2000 and 2011. (Order at 15). These registrations, however, do

---

[1] All of the Gordon deposition testimony is in prior papers submitted to the court, but because of the volume of those prior papers, for the convenience of the Court, the specific excerpts referred to herein are attached to a Grossman declaration submitted herewith.

not contain either the story or artwork that Gordon claims were accessed and copied by DreamWorks in 1999.

There is no registered version of the story that Gordon claims was sent to DreamWorks. The 2011 registrations contain no story and consist solely of pencil sketches. Grossman Aff., ¶¶ 5-9, Exs. C, E. While Gordon's 2000 registration contains a single brief outline called "Bamboo for Two" (sometimes referred to by Gordon as the "Golden Medallions"), Gordon specifically testified that he did *not* send this to DreamWorks. Gordon Depo., 470:7-471:7; Grossman Aff., ¶¶ 3-4, Ex. A. Gordon did not register the story or "outline" he allegedly sent to DreamWorks, so no infringement claim can be maintained with respect to the story of <u>Kung Fu Panda</u>.

Similarly, there is no registered version of the artwork that Gordon claims was sent to DreamWorks. Gordon's 2000 registration consists of final, polished images of two pandas, but he testified that he only sent DreamWorks "sketches" of his characters in 1999. Gordon Depo., 425:20-428:13, 470:2-23; Order at 4-5. As for the 2011 registrations, there are two sets of sketches registered in 2011. However, Gordon explicitly testified he did *not* send these specific sketches to DreamWorks ("Q. You don't know who you sent exact copies to; is that correct? A. The exact copies I can't say for sure."), and later testified that, at best, he may have sent some sort of "derivative version" of one of the sketches in one 2011 registration to DreamWorks in 1999 ("[I] probably cleaned it up. I could have turned it into an animation cell, a lot of stuff."). Gordon Depo. 458:8-459:17; 467:2-12. Further, Gordon's other works cannot possibly be a proxy for his missing alleged submission, because he testified that he changed his works over time, his story was constantly "evolving" and there were many different versions of his panda work: "The property is Kung Fu Panda Power or Panda Power or a million different versions of it." Gordon Depo., 201:11-17, 349:11-353:15, 373:15-17, 375:20-377:2, 470:7-479:1. A

3

cursory review of the 2011 registrations demonstrates that Gordon routinely created numerous variations of his characters that were dissimilar.  The registrations themselves are even internally inconsistent in their depiction of his pandas.  <u>See</u> Grossman Decl., Exs. C, E (compare JG 1076 with JG 1047).

Thus, the 2000 and 2011 registrations cited by the Court in the Order are *different* works from those that Gordon claims he sent to DreamWorks in 1999, and they cannot serve as a proxy for what Gordon allegedly sent DreamWorks.  Gordon failed to retain or register any work that he contends he sent to DreamWorks and his claim is defective as a matter of law.

**<u>Discussion</u>**

**I.     <u>THE COURT SHOULD RECONSIDER ITS RULING AND GRANT THE MOTION FOR SUMMARY JUDGMENT.</u>**

"When faced with a motion for reconsideration, a district court must balance the need for finality against the duty to render just decisions."  <u>Davis v. Lehane</u>, 89 F. Supp. 2d 142, 147 (D. Mass. 2000).  A district court should grant the motion "if the movant can demonstrate that the original decision was based on a manifest error of law or was clearly unjust."  <u>United States v. Allen</u>, 573 F.3d 42, 53 (1st Cir. 2009).  The court correctly recognized that Gordon does not have a copy of the material that he supposedly sent to DreamWorks in 1999, but, in denying the motion for summary judgment, relied upon the fact that Gordon has copyright registrations containing pandas that were registered in 2000 and 2011.  Whether the contents of the 2000 or 2011 registrations are or are not substantially similar to <u>Kung Fu Panda</u> is not the issue, however. The issue is whether whatever Gordon purportedly submitted to DreamWorks (and that DreamWorks therefore by hypothesis could have copied) was substantially similar to the Film. No judge or jury can answer that question because Gordon cannot prove the exact content of the

4

material that he supposedly submitted.  The Court should accordingly reconsider its Order and

grant a summary judgment of dismissal based on the absence of proof.

>    **A.    Gordon's Failure To Register Or Retain What He Allegedly Sent**
>    **DreamWorks Is A Failure Of Proof Requiring Dismissal.**

In a claim for copyright infringement, the plaintiff bears the burden of demonstrating that

he owns and registered a specific work that was copied by the defendant.  Airframe Systems, Inc.

v. L-3 Communications Corp., 658 F.3d 100, 104 (1st Cir. 2011) (noting that the lower court had

correctly concluded that "Airframe 'ha[d] not produced the *relevant* source code' and that it was

Airframe's 'burden to prove the [allegedly infringed source] code in its *original form*.'")

(emphasis added).  In its Order, the Court stated that "the 'substantial similarity' inquiry requires

a comparison between the content of the copyright registration and the allegedly infringing

work".... and that "[Gordon] need not provide the exact materials submitted to DreamWorks."

In so ruling, the Court referred to the fact that, although Gordon does not have a copy of the

supposed submission, Gordon has *other* copyright registrations (registered in 2000 and 2011).

The case law of this Circuit provides that Gordon *must* have retained and registered the

*exact version* of his work that was supposedly submitted to and copied by DreamWorks.  As

noted above, the 2000 and 2011 registrations are *different* than what Gordon claims he sent to

DreamWorks in 1999 and relying on them in lieu of a registered, allegedly infringed work does

not comport with controlling First Circuit law.  A *different* copyright registration, even with

derivative or similar content, is insufficient and cannot be used as a point of comparison for a

substantial similarity analysis.  Further, oral reconstructions regarding the supposed content of

the infringed work violate the Best Evidence Rule and are insufficient for a copyright claim.

In Unistrut Corp v. Power, 280 F.2d 18, 23 (1st Cir. 1960), the plaintiff claimed that the

defendant had accessed, and infringed, a 1942 version of its catalog.  However, the plaintiff did

not have an exact copy of the work that was allegedly infringed and, instead, had a 1943 edition of the same catalog, which the plaintiff alleged contained similar content.  The case was dismissed because, without a copy of the exact materials provided to the defendant, no substantial similarity comparison could be made, and the plaintiff could not maintain a claim for infringement.  Id. (the "case fails for want of proof" because "there was no proof that the infringed material was contained in the 1942 edition").  Unistrut ruled that the comparison to the 1943, slightly different work, was legally improper because the 1943 version "admittedly contained some, unspecified, additions."  Id.  The inability to provide the court with evidence of the specific version that was supposedly accessed constituted a material failure of proof.

In Airframe, 658 F.3d at 106, the district court likewise dismissed the case because the plaintiff relied on a later version of its software, not the version supposedly provided to the defendant.  It held that the plaintiff "ha[d] not produced the relevant source code" and that it was the plaintiff's "burden to prove the [allegedly infringed source] code in its original form."  Id. The plaintiff had multiple derivative versions of registered computer code, but failed to present evidence of the version that was supposedly accessed, and copied, by the defendant.  The First Circuit affirmed based on the failure of proof, noting that there was "insufficient evidence to create a genuine issue of fact regarding the necessary element of substantial similarity."  Id. at 107-08, citing Unistrut, 280 F.2d at 23.

In Airframe, Unistrut and other circuit court decisions cited approvingly therein, the plaintiffs had registered other allegedly derivative works with the copyright office, but failed to register the ***relevant work*** – the one that was supposedly accessed and infringed by the defendant.  Here, the "contents" of what Gordon claims he sent DreamWorks are unknowable and the 2000 and 2011 registrations are different from each other, and from what Plaintiff claims

he sent in 1999.  This Circuit has a well-established history of requiring that a plaintiff supply

evidence of the exact content of the copyrighted work that was allegedly accessed and infringed

by the defendant.  Registering and producing allegedly similar or derivative works is patently

insufficient to support a claim for infringement.  Because there is no evidence of a copyrighted

work that was supposedly accessed by DreamWorks, there is a complete failure of proof and

dismissal is mandatory.

Two other circuit cases right on point, Bridgmon v. Array Sys. Corp., 325 F.3d 572 (5th

Cir. 2003) and Seiler v. Lucasfilm, Ltd., 808 F.2d 1316, 1319 (9th Cir. 1987), have been cited

approvingly by the First Circuit.  In both cases, and as Gordon does here, the plaintiffs attempted

to prove infringement with oral descriptions of the works that supposedly supplied to the

defendants, supplemented by referring to a copyright registration that were not sent to the

defendants but supposedly bore some resemblance to materials that were.  Both courts rejected

that approach as a matter of law.[2]  Seiler, 808 F.2d at 1319 ("In short, Seiler claims that the

movie infringed his originals, yet he has no proof of those originals. The dangers of fraud in this

situation are clear.  The rule would ensure that proof of the infringement claim consists of the

works alleged to be infringed.  Otherwise, "reconstructions" which might have no resemblance

to the purported original would suffice as proof for infringement of the original."); Bridgmon,

325 F.3d at 577 (holding that "copying is an issue to be determined by comparison of works, not

---

[2] The dangers of fraud from such claims are apparent, and were discussed in Seiler.  Those
concerns are magnified here, as the only documentary evidence of what Gordon sent to any
studio in 1999 was produced by third party Disney.  The same week Gordon claims he sent his
purported "Kung Fu Panda Power" materials to DreamWorks, he sent Disney a letter, with *no*
artwork or story of any kind, and simply advised he was launching a website and offering to send
Disney his properties for their review and consideration.  Order at 4.

by credibility," and dismissing case when the plaintiff attempted to provide evidence of the content of his allegedly infringing work by virtue of his oral testimony).

Because Gordon undisputedly did not register for copyright or otherwise retain whatever it was that he purportedly sent to DreamWorks in 1999, the Court's Order on the motion for summary judgment should be reconsidered and the case dismissed.

## II.    IN THE ALTERNATIVE, THE COURT SHOULD CERTIFY ITS ORDER FOR INTERLOCUTORY APPEAL.

In the alternative, if the Court does not reconsider its Order, it should certify it for interlocutory appeal.  A district court may certify an order that: (1) involves a controlling question of law; (2) as to which there is a substantial ground for difference of opinion; and (3) where an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b).  Interlocutory appeal is proper where "reversal might save time for the district court, and time and expense for the litigants." 16 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3930 (2d ed. 2008); see also Katz v. Carte Blanche Corp., 496 F.2d 747, 755 (3d Cir. 1974) ("saving of time of the district court and of expense to the litigants was deemed by the sponsors [of § 1292(b)] to be a highly relevant factor" in determining whether certification under §1292(b) was appropriate).

 "The three factors [under §1292(b)] should be viewed together as the statutory language equivalent of a direction to consider the probable gains and losses of immediate appeal."  United States ex rel. LaValley v. First Nat'l Bank, 1990 U.S. Dist. LEXIS 9913, 10-11 (D. Mass. July 30, 1990).[3]

---

[3] Although permissive interlocutory appeal pursuant to §1292(b) has been sometimes described as "disfavored" or "rare," it has frequently been granted in this district.  See, e.g., Muniz v. Sabol, 517 F.3d 29, 32 (1st Cir. 2008) (permissive interlocutory appeal granted);  Lawson v. FMR LLC, 724 F. Supp. 2d 167, 169 (D. Mass. 2010) (certifying issue for interlocutory appeal

### A.      There Is A Controlling Question Of Law.

"[A] question of law is 'controlling' if reversal of the district court's order would

terminate the action." <u>Philip Morris Inc. v. Harshbarger</u>, 957 F. Supp. 327, 330 (D. Mass. 1997).

In this case, as the Court has already found, Gordon has no copy of whatever it was that he

supposedly sent to DreamWorks, and Gordon admits that whatever images he sent differ to some

unknown degree from what he registered for copyright.  If the defendants are correct that Gordon

lacks sufficient proof as a matter of law, dismissal is required.

### B.      There Is A Substantial Ground For Difference Of Opinion.

There is a "substantial ground for difference of opinion" where "one or more difficult and

pivotal questions of law [are] not settled by controlling authority." <u>McGillicuddy v. Clements</u>,

746 F.2d 76, 76 n.1 (1st Cir. 1984); <u>see also</u> <u>Camacho v. P.R. Ports Auth.</u>, 369 F.3d 570, 573 (1st

Cir. 2004) (permitting certification where the district court found there was "an open question

and . . . the litigation would benefit from prompt resolution" of that issue).

Defendants have been unable to locate any circuit court decision in which a plaintiff was

permitted to assert a copyright claim based on his oral testimony as to what the contents of the

supposedly infringed work consisted of.  Defendants believe that a plaintiff may not maintain an

infringement suit without producing a registered copy of the work that was allegedly accessed

and copied by defendants, and that <u>Unistrut</u>, <u>Airframe</u> and other district and circuit court rulings

---

because there was "substantial ground within which to stake out different opinions" as to the
issue); <u>McLean v. Mut. Life Ins. Co. (In re Mut. Life Ins. Co. of N.Y. Premium Litig.)</u>, 299 F.
Supp. 2d 4, 8 (D. Mass. 2004) (case presents instance "when an interlocutory appeal in one case
may result in the expeditious resolution of many others"); <u>Cruikshankv.Cook (In re Envtl.
Careers Org., Inc.)</u>, 2013 U.S. Dist. LEXIS 33201, 4 (D. Mass. Mar. 11, 2013) (same);
<u>Plumbers' Union Local No. 12 Pension Fund v. Nomura Asset Acceptance Corp.</u>, 2012 U.S.
Dist. LEXIS 155300, 6 (D. Mass. Oct. 30, 2012) ("this litigation would 'benefit from [its]
prompt resolution' by the Court of Appeals").

in this jurisdiction require that such a copy, in its "original" form, be registered and provided to the court as necessary pre-requisite to maintaining a suit for infringement.  Defendants believe that there is a substantial ground for difference of opinion on this issue.

Defendants believe that this is an issue governed by existing precedent but Gordon has asserted that a plaintiff may maintain suit for infringement without a registered copy of the allegedly infringed submission.  To the extent that the Court determines that <u>Airframe</u> does not conclusively establish that a plaintiff may not sue without the relevant and registered version of the work accessed by the defendant, Defendants assert this is a case of first impression in the First Circuit and request that the issue be certified.

## C.   Interlocutory Appeal Would Materially Advance The Ultimate Termination Of The Litigation.

"[T]he requirement that an appeal may materially advance the ultimate termination of the litigation is closely tied to the requirement that the order involve a controlling question of law." <u>Philip Morris Inc.</u>, 957 at 330.  Courts in the First Circuit have granted motions for interlocutory appeal where the question on appeal would be dispositive as to one or more claims in the litigation.  <u>See</u>, <u>e.g.</u>, <u>Barnard</u>, 975 F.2d 919 (granting defendants' motion for interlocutory appeal and ultimately holding that all of the government's claims against defendants should be dismissed).  Here, a decision in favor of Defendants would terminate this case.

Absent reconsideration, the defendants accordingly request that the Court find in writing that its Order denying summary judgment presents a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the termination of the litigation.  Such a finding would permit the First Circuit to exercise its discretion whether to permit an interlocutory appeal under 28 U.S.C. § 1292 (b), and if so, determine the purely legal question presented.

B4119883v1

## Conclusion

For the foregoing reasons, Defendants respectfully request that this Court grant the

motion for reconsideration and dismiss this claim for failure of proof or, in the alternative, certify

the Order for review by the First Circuit.

Dated:  April 5, 2013

Respectfully submitted,

DREAMWORKS ANIMATION SKG, INC.
DREAMWORKS ANIMATION, LLC, and
PARAMOUNT PICTURES CORP.,

By their attorneys,

Jonathan Zavin
LOEB & LOEB LLP
345 Park Avenue
New York, New York 10154
Telephone:  212.407.4161
Facsimile:  212.658.9105

David Grossman
LOEB & LOEB LLP
10100 Santa Monica Blvd., Suite 2200
Los Angeles, California 90067
Telephone:  310.282.2000
Facsimile:  310.282.2200

/s/ David A. Kluft
John A. Shope (BBO #562056)
Julia Huston (BBO #562160)
David A. Kluft (BBO# 658970)
FOLEY HOAG LLP
Seaport West
155 Seaport Boulevard
Boston, Massachusetts 02210-2600
Telephone:  617.832.1000
Facsimile:  617.832.7000
jhuston@foleyhoag.com
jshope@foleyhoag.com
dkluft@foleyhoag.com

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent
electronically on the date above to the registered participants as identified on the Notice of
Electronic Filing.

 /s/  David Kluft
David A. Kluft

11