UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAYME GORDON,<br><br>   Plaintiff,<br><br>v.<br><br>DREAMWORKS ANIMATION SKG, INC., DREAMWORKS ANIMATION LLC, and PARAMOUNT PICTURES CORP.,<br><br>   Defendants. | Civil Action No. 1:11-cv-10255-JLT |

**AFFIDAVIT OF DAVID GROSSMAN IN SUPPORT OF DEFENDANTS'
MOTION FOR RECONSIDERATION OR, IN THE ALTERNATIVE,
CERTIFICATION OF ISSUE FOR APPEAL PURSUANT TO 28 U.S.C. § 1292(B)**

I, DAVID GROSSMAN, declare as follows:

  1.  I am a partner in the law firm of Loeb & Loeb LLP ("Loeb & Loeb"), one of the counsel of record for defendants DreamWorks Animation SKG, Inc., DreamWorks Animation LLC ("DreamWorks") and Paramount Pictures Corp. (collectively, "Defendants"). I have personal knowledge of the facts set forth in this Affidavit and, if called as a witness, could and would testify competently to such facts under oath.

  2.  I respectfully submit this Affidavit in support of Defendants' Motion for Reconsideration or, in the alternative, Certification of Issue for Appeal Pursuant to 28 U.S.C. § 1292(b) (the "Motion").

**Gordon's 2000 Copyright Registration**

  3.  In January of 2000, Gordon registered approximately 400 hardcopy pages of artwork and stories, and an electronic copy of his website with the Copyright Office. Gordon's

2000 copyright registration was entitled www.luckylizard.com – Copyright Registration No. TXu 867-275.  Excerpts of that registration, as they relate to Gordon's Panda Power work, are attached hereto as Exhibit A.  The entire 2000 registration was attached to the Grossman Affidavit in support of Defendants' Motion for Summary Judgment as Exhibit I.  Nothing in this registration refers to kung fu, or to the story that Gordon claims he sent to DreamWorks Animation.  The panda images and character descriptions that are attached as Exhibit A were sent to the copyright office in 2000.  The panda images in the 2000 registration are not sketches, they are finished pieces of artwork with accompanying borders, character descriptions and illustrations.

4. Gordon testified that he sent "sketches" to DreamWorks in 1999, and did not testify that he sent the contents of his website, or the images in his 2000 copyright registration.  I attended his deposition and relevant excerpts of his deposition testimony are attached hereto as Exhibit "B".  Exhibit B is a subset of the materials attached to the Grossman Affidavit in support of Defendants' Motion for Summary Judgment as Exhibit A.

## Gordon's 2011 Copyright Registrations

5. In 2009, Gordon and his friend Ken Partello claim to have located a number of rough pencil sketches related to his concepts for "Kung Fu Panda Power" and "The Five Fists of Fury."  Ex. B (Gordon Depo., 425:24-428:14, 429:10-430:7).  These rough pencil sketches happen to be marked (in pencil) with dates from the early 1990s.  None of the artwork in these sketches was submitted to the Copyright Office prior to the release of the Film nor was any of the artwork in these newly "discovered" sketches included with the other panda artwork on Gordon's two websites that he maintained from 1999 through 2002.

6. A few days before he filed this action in February 2011, Gordon registered 39 pages of "unpublished notebook sketches" with the Copyright Office.  Attached hereto as Exhibit

"C" is a true and correct copy of excerpts of the sketches that were registered in 2011 by Gordon. Exhibit C is a subset of the registration attached to the Grossman Affidavit in support of Defendants' Motion for Summary Judgment as Exhibit M. Gordon's close friend and collaborator, Ken Partello, claims to have found these rough sketches in Partello's desk and in a locker in his garage. Partello testified that he maintained possession of these sketches in his home for approximately 15-20 years, and through at least one change of residence.

7. Attached hereto as Exhibit "D" is a true and correct copy of excerpts of Mr. Partello's deposition. Exhibit D is a subset of the document attached to the Grossman Affidavit in support of Defendants' Motion for Summary Judgment as Exhibit N.

> Q. Why were these documents in your home?
> A. I can't really say exactly. It's not really a big deal, but not really something I would have expected.
> Q. You don't know why they were in your house?
> A. No. The only thing – I mean, obviously, we took stuff from the mall, so this stuff probably got carried with it and kept staying with it; but obviously, we had no – I had no reason  - it wasn't a shirt or anything, so it just got stuck somewhere and left there.
> Q. And that was in the early 1990s when you stopped having the store in the mall?
> A. Right. Probably about '94 we split things up.
> Q. And you think you kept all this documentation in your house, wherever your house was –
> A. Right.
> Q. – between 1994 and 2009, when you found it?
> A. Yes, and it just got moved with us and stuck somewhere and that was it. (Feb. 6, 2012, Partello Depo., 218:13 – 219:11).

8. Gordon also testified that, with respect to the sketches that Mr. Partello located in his home, he "can't say the exact copies" of those sketches were ever sent to anyone. See Ex. B (Gordon Depo. 459:3-17).

> Q. Mr. Gordon, I want to be very clear. I'm not talking derivative versions. When I say "exact copies," I mean Xerox copies of these pages unchanged.
>  Now the question is, I believe you previously testified that you don't know to whom you

3

>sent exact copies of these pages; is that correct?
>A. I wouldn't say that. I'm not -- I'm kind
>of confused by what you're saying, "exact copies."
>Redrawn copies?
>Q. No, exact copies, Xerox copies.
>A. I can't say the exact copies.
>Q. You don't know who you sent exact copies
>to; is that correct?
>A. The exact copies I can't say for sure.

9. A second set of pencil sketches were registered for copyright in 2011 by Gordon. Excerpts from this second set of sketches is attached hereto as Exhibit E. However, Gordon similarly testified that his second set sketches were not sent to Disney, DWA or anyone else. Ex. B (Gordon Depo., 485:8-10) ("Q. In Exhibit 54, any of these – do you remember sending copies of these to anybody? A. I don't remember, no.").

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 5th day of April, 2013, at Los Angeles, California.

/S/ *David Grossman*<br>
DAVID GROSSMAN

**CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically on the date above to the registered participants as identified on the Notice of Electronic Filing.

      /s/ David Kluft
      David A. Kluft