```
                    IN THE UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF MASSACHUSETTS


   JAYME GORDON,                        )
                                        )
             Plaintiff                  )
                                        )
            -VS-                        )  CA No. 11-10255-JLT
                                        )  Pages 1 - 13
   DREAMWORKS ANIMATION SKG, INC.,      )
   et al,                               )
                                        )
             Defendants                 )
```

**STATUS CONFERENCE**

BEFORE THE HONORABLE JOSEPH L. TAURO
UNITED STATES DISTRICT JUDGE

                                United States District Court
                                1 Courthouse Way, Courtroom 22
                                Boston, Massachusetts
                                April 9, 2013, 11:06 a.m.

                        LEE A. MARZILLI
                     OFFICIAL COURT REPORTER
                   United States District Court
                   1 Courthouse Way, Room 7200
                        Boston, MA  02210
                         (617)345-6787

```
 1   A P P E A R A N C E S:

 2
     FOR THE PLAINTIFF:
 3
          GREGORY A. MADERA, ESQ., Fish & Richardson, P.C.,
 4   One Marina Park Drive, Boston, Massachusetts, 02110-1878.

 5        JUANITA R. BROOKS, ESQ., Fish & Richardson, P.C.,
     12390 El Camino Real, San Diego, California, 92130.
 6
          KRISTEN McCALLION, ESQ., Fish & Richardson, P.C.,
 7   601 Lexington Avenue, 53nd Floor, New York, New York, 10022.

 8        MICHAEL J. KANE, ESQ., Fish & Richardson, P.C.,
     3300 Dain Rauscher Plaza, 60 South Sixth Street,
 9   Minneapolis, Minnesota, 55402.

10        MARK A. FISCHER, ESQ., Duane Morris, LLP,
     100 High Street, Suite 2400, Boston, Massachusetts,
11   02210-1724.

12   FOR THE DEFENDANTS:

13        JOHN A. SHOPE, ESQ. and DAVID A. KLUFT, ESQ.,
     Foley Hoag, LLP, 155 Seaport Boulevard, Seaport World Trade
14   Center West, Boston, Massachusetts, 02210.

15        JONATHAN ZAVIN, ESQ., Loeb & Loeb, LLP,
     345 Park Avenue, New York, New York, 10154.
16

17

18

19

20

21

22

23

24

25
```

```
 1                    P R O C E E D I N G S
 2              THE CLERK:  This is Civil Action No. 11-10255,
 3    Gordon v. DreamWorks.  If counsel could identify themselves
 4    for the record.
 5              MR. ZAVIN:  Good morning, your Honor.  Gregory
 6    Madera, Fish & Richardson, counsel for the plaintiff, Jayme
 7    Gordon.  With me, Michael Kane, Juanita Brooks, Kristen
 8    McCallion, all of Fish & Richardson, and our co-counsel,
 9    Mark Fisher of Duane Morris.  Ms. Brooks will be speaking on
10    behalf of --
11              THE COURT:  Okay, thank you.
12              MS. BROOKS:  Good morning, your Honor.
13              THE COURT:  We have half the Bar of Boston here.
14              MR. ZAVIN:  Well, we have slightly less than half
15    the Bar.  Good morning, your Honor.  Jonathan Zavin of Loeb
16    & Loeb for defendants Paramount and DreamWorks, and with me
17    are John Shope and David Kluft of Foley Hoag.
18              THE COURT:  Okay, and we're here primarily, we
19    have a motion for reconsideration?  Is that --
20              MR. ZAVIN:  Well, your Honor, in fairness, this
21    conference was originally scheduled by the Court as a status
22    conference.  We filed a motion for reconsideration on
23    Friday.
24              THE COURT:  You haven't had a chance to respond
25    yet?
```

1       MS. BROOKS:  That's correct, your Honor.  Our moving
2  papers would not be due until a week from this Friday --
3       THE COURT:  I understand.
4       MS. BROOKS:  -- although in the interest of time, we
5  are prepared to argue it today if your Honor would like to hear
6  argument.
7       THE COURT:  No.  Whatever makes you most comfortable,
8  and I don't want to push anybody.  Why don't we do this:  What
9  do you consider that we have on the menu today?
10      MS. BROOKS:  Your Honor, in our case, we believed that
11 we were coming here to get a trial date.  Based upon your
12 Honor's ruling on the summary judgment motions and the motion
13 to dismiss, we're now ready for trial.
14      THE COURT:  How long will it take to try this case?
15      MS. BROOKS:  In our opinion, your Honor, since
16 DreamWorks has tried a previous case involving a Mr. Dunn who
17 had made allegations regarding Kung Fu Panda, they tried that
18 in two weeks in Los Angeles.  We believe it shouldn't take
19 longer than two weeks, but we will be prepared to take as long
20 as your Honor is willing to give us or however long DreamWorks
21 thinks it's going to take.
22      MR. ZAVIN:  Your Honor, may I just ask a question
23 before I answer that?
24      THE COURT:  Sure.
25      MR. ZAVIN:  What is your Honor's standard trial day,

1  and do you try cases five days a week to a jury?
2              THE COURT:  Is this jury or jury waived?
3              MS. BROOKS:  It will be a jury trial, your Honor, yes.
4              THE COURT:  10:00 to 1:00, 2:15 to 4:30, and once we
5  start the case, we go Fridays right through.
6              MR. ZAVIN:  Your Honor, our best --
7              THE COURT:  We usually don't start anything new on a
8  Friday because we can't impanel on Fridays.  You know, we have
9  to impanel on Mondays.  So most of the time we don't start
10 anything new, but if we're in the middle of something, the fact
11 that Friday appears on the calendar doesn't affect us.  We
12 continue to try the case.
13             MR. ZAVIN:  Based on that, your Honor, I expect this
14 case would take approximately four weeks.  The reason for that
15 is that in looking at our witness list, we have approximately
16 twenty witnesses.  We tried to cut that down to fifteen, but at
17 the moment we anticipate twenty witnesses, and, given your
18 Honor's trial schedule, I anticipate four weeks for trial.
19             THE COURT:  Okay.
20             (Discussion between the Court and Law Clerk.)
21             THE COURT:  Zita, do you have a trial date?
22             (Discussion between the Court and Clerk.)
23             THE COURT:  We originally thought that we might be
24 able to get this done before the summer, but for logistical and
25 practical reasons, it's not going to happen here.  Not your

```
 1   fault, but it's impossible for me to do it.  So I think we'll
 2   probably be setting a trial date sometime in September.  That
 3   way I can give you an opportunity to give me your studied
 4   response to the motion for reconsideration, and also I think
 5   you have a motion for an interlocutory appeal?
 6            MR. ZAVIN:  That's correct, your Honor.  It's for
 7   reconsideration, or, in the alternative, for an interlocutory
 8   appeal.
 9            THE COURT:  So I think it's better that we just mosey
10   along with it.  When are you scheduled to respond?
11            MS. BROOKS:  We are scheduled to respond a week from
12   Friday, your Honor, although we can do it more rapidly if that
13   will --
14            THE COURT:  No, no, more rapidly is always
15   frightening.  I mean, everybody does things more rapidly, and
16   then they usually do them wrong.  We'll take our time, give me
17   your best shot, and I'll give you my best answer, okay?
18            MS. BROOKS:  Thank you, your Honor.  Could we get a
19   tentative trial date, assuming that the Court denies their
20   motion for reconsideration and the motion for interlocutory
21   appeal, in light of the fact that interlocutory appeals are, as
22   Judge Woodlock said, "as rare as hen's teeth," and anticipating
23   that it probably won't take place and we will be going to
24   trial?  We filed this case in February of 2011, and obviously
25   Mr. Gordon is rather anxious to get his day in court.  We're
```

```
 1   prepared to go to trial anytime after September 23, and do you
 2   have a four-week time blocked out other than the first two
 3   weeks of November?  That's the only conflict that I have on my
 4   calendar, your Honor, between now and the end of the year, or I
 5   should say between September 23 and --
 6           THE COURT:  And you're suggesting September -- what is
 7   it, September --
 8           MS. BROOKS:  23, your Honor, Monday, September 23.
 9           MR. ZAVIN:  And, your Honor, I would request we start,
10   if there's a trial date to be set, sometime in October because
11   I have a problem.  All of my witnesses are in California.
12   September is filled with the Jewish holidays, and I'm going to
13   have a problem, just a physical problem, one, getting people
14   here in September and preparing them in September.
15           MS. BROOKS:  Your Honor, my calendar is wide open for
16   October, so October 1?
17           MR. ZAVIN:  Well, I was suggesting mid-October, but
18   now I understand Ms. Brooks has a problem in November.
19   Alternatively --
20           THE COURT:  Well, you know, she's been pretty
21   accommodating, so why don't we just say October 1.  What's
22   wrong with that date?
23           THE CLERK:  That's a Tuesday.
24           THE COURT:  We have to impanel on the day before.
25           MS. BROOKS:  Monday, September 30, your Honor, and the
```

```
 1   Jewish holidays are long over by then.
 2           MR. ZAVIN:  Your Honor, that makes it more difficult.
 3   I mean, one of --
 4           THE COURT:  You know, you remind me of the old joke,
 5   "Ready until reached, your Honor."
 6           MR. ZAVIN:  No, your Honor.  We're talking about a
 7   couple of weeks here, your Honor.  I'm not trying to postpone
 8   the trial.  And in terms of the plaintiff being anxious, the
 9   plaintiff waited almost three years after this movie came
10   out --
11           THE COURT:  Forget about anxious.  You know, I've
12   taken the dates all the way from what I wanted, which is the
13   next couple of weeks, to the last working Monday in September.
14           (Discussion between the Court and Clerk.)
15           THE COURT:  There's a lot of things that we will do
16   better with our own schedule if we give you October 7.
17           MS. BROOKS:  That would work fine, your Honor.  Thank
18   you.
19           THE COURT:  Does that help you out a little bit?
20           MR. ZAVIN:  It helps a bit, your Honor.  Thank you.
21           THE COURT:  Really, thank her.  She runs the place.
22           (Laughter.)
23           MR. ZAVIN:  Ms. Lovett, thank you.
24           THE COURT:  Okay, so October 7 will be a tentative
25   trial date.  You can do more than pencil it in.  Put it in with
```

```
 1  some permanence.
 2          Anything else?  I'm sorry to have hauled you in here.
 3  I thought that we were going to have -- unless you want to have
 4  your hearing on the motion now, I think you ought to the wait.
 5          MS. BROOKS:  If your Honor thinks we should wait, then
 6  we'll wait and file our moving papers.
 7          THE COURT:  Yes.
 8          MR. ZAVIN:  Your Honor, perhaps we should schedule a
 9  hearing on the motion for reconsideration.  If your Honor is
10  going to want argument on that, we can schedule that now so
11  that we know that it works for everybody.
12          (Discussion between the Court and Clerk.)
13          MS. BROOKS:  Your Honor, our understanding is that our
14  opposition will be due by Friday, April the 19th, and that
15  under the local rules, in light of this being a motion for
16  reconsideration, they don't get a reply, so briefing will be
17  complete by Friday, April 19.
18          MR. ZAVIN:  Well, we would request permission to file
19  a brief reply.
20          THE COURT:  I will let you do that, and short, brief.
21          MR. ZAVIN:  Yes.  Our motion is short.  Our reply will
22  certainly be short.
23          THE CLERK:  We can have the hearing sometime mid or
24  the end of May.
25          MR. ZAVIN:  I'm available the entire week of the 13th,
```

```
 1   May 13, if that works for Ms. Brooks.
 2            MS. BROOKS:  That would work, either Monday, May 13,
 3   or -- I'm actually in trial in New Jersey, but we're only in
 4   session on the Tuesday and Wednesday that week, the 14th and
 5   15th.  So I could either be here on Monday, the 13th, or
 6   Thursday, the 16th, at the Court's pleasure.
 7            THE CLERK:  It needs to be the following week.
 8   May 23?
 9            MR. ZAVIN:  I have a trial in New York on the 23rd and
10   the 24th, your Honor.  I could do it earlier that week, the
11   20th, the 21st.
12            THE CLERK:  The 21st.
13            THE COURT:  Is that okay?
14            MS. BROOKS:  I won't be available, but somebody else
15   from my team will be, your Honor.  We'll make sure to get this
16   covered.
17            MR. ZAVIN:  What time would that hearing be?
18            THE CLERK:  Eleven a.m.
19            MR. ZAVIN:  Thank you.  Your Honor, one other thing.
20   In light of the tentative trial date --
21            THE COURT:  We'll send out a memo, you know,
22   memorializing all this so you get the dates right.
23            MR. ZAVIN:  Okay.  May I suggest -- I understand under
24   the standard rules, motions in limine, for example, are due
25   seven days prior to the trial date.  Might I suggest that we do
```

```
 1   those earlier because I suspect that both sides are going to
 2   have quite substantive motions in limine?
 3           THE COURT:  Why?
 4           MR. ZAVIN:  Because I believe that there's things that
 5   both sides will question whether should be in this trial, your
 6   Honor.
 7           THE COURT:  Well, you know --
 8           MR. ZAVIN:  This is just to give your Honor a chance
 9   to --
10           THE COURT:  No, no, I understand, but I'm thinking
11   back to my friend and colleague, Doug Woodlock, who is quoted
12   as talking about hen's teeth.  That's the way motions in limine
13   are.  You know, most of the time -- most of the time what the
14   response is, "Denied without prejudice to raising it at trial."
15   Why anybody thinks that, you know, I'm going to prefer writing
16   a long memo dealing with motions in limine as opposed to
17   dealing with the evidence as it comes at me in the courtroom, I
18   don't know.
19           MR. ZAVIN:  Well, it's your Honor's preference,
20   obviously.  I --
21           THE COURT:  No, I'm going to hear you.  I'm just
22   saying, I wouldn't bet too much on the motions in limine.  I
23   think that most of the time my experience is that they're
24   denied without prejudice to making sure that a proper
25   foundation is established at trial.  I mean, there's a
```

```
 1   substantive reason why:  Motions in limine, most of the time
 2   you can't judge them on the basis of a complete record.
 3           MR. ZAVIN:  Understood, your Honor.  My suggestion
 4   was, given that we have an October 7 trial date, that we might
 5   want to do motions in limine, instead of seven days before, 14
 6   or even 21 days.
 7           THE COURT:  Yes, we can do that.
 8           MR. ZAVIN:  But that's up to you.
 9           THE COURT:  It's a reasonable suggestion.  Can you
10   work that out?
11           MR. ZAVIN:  Yes, I'm sure Ms. Brooks and I can --
12           THE COURT:  No, Ms. Lovett will give you a date.
13           (Discussion between the Court and Clerk.)
14           THE CLERK:  Did you say three weeks before?
15           THE COURT:  She's going to issue a trial order anyway,
16   so she'll include this in her trial order, Ms. Lovett will.
17   You want it three weeks before trial?
18           MR. ZAVIN:  Yes.
19           THE COURT:  Can you work that out?  All right, she
20   says she can work that out.  Anything else?
21           THE CLERK:  No.  I think that's it.
22           THE COURT:  Anything else from anybody?
23           MS. BROOKS:  Nothing on our end, your Honor.  Thank
24   you.
25           MR. ZAVIN:  No, your Honor.  Thank you.
```

```
 1            THE COURT:  Are you interested in trying to settle
 2   this case, or don't you settle these cases?
 3            MR. ZAVIN:  DreamWorks does not settle cases of this
 4   kind, your Honor, not on this kind of claim.
 5            THE COURT:  Okay, just thought I would ask.
 6            MR. ZAVIN:  I understand, your Honor.
 7            THE COURT:  All right, thank you.  You're all excused.
 8            (Adjourned, 11:21 a.m.)
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
 1                    C E R T I F I C A T E
 2

 3
     UNITED STATES DISTRICT COURT )
 4   DISTRICT OF MASSACHUSETTS    ) ss.
     CITY OF BOSTON               )
 5

 6

 7         I, Lee A. Marzilli, Official Federal Court Reporter,

 8   do hereby certify that the foregoing transcript, Pages 1

 9   through 13 inclusive, was recorded by me stenographically at

10   the time and place aforesaid in Civil Action No. 11-10255-JLT,

11   Jayme Gordon v. DreamWorks Animation SKG, Inc., et al, and

12   thereafter by me reduced to typewriting and is a true and

13   accurate record of the proceedings.

14         Dated this 11th day of April, 2013.

15

16

17

18

19              /s/ Lee A. Marzilli
                _____
20              LEE A. MARZILLI, CRR
                OFFICIAL COURT REPORTER
21

22

23

24

25
```