

**JONATHAN ZAVIN**
Partner

345 Park Avenue
New York, NY  10154

**Direct**    212.407.4161
**Main**     212.407.4000
**Fax**      212.658.9105
jzavin@loeb.com

May 22, 2013

Hon. Joseph L. Tauro
United States District Court
1 Courthouse Way, Suite 2300
Boston, MA  02210

Re:   *Gordon v. DreamWorks Animation SKG, Inc., et al.*
        United States District Court, District of Massachusetts Case No. 1:11-CV-10255-JLT

Dear Judge Tauro:

At oral argument yesterday Your Honor requested authority for the proposition that in order to determine whether there is substantial similarity and therefore infringement, the defendants' film must be compared not merely to a registered work, but to the work that the defendant allegedly accessed and copied.

A straightforward explanation is in volume 4 of the Nimmer treatise, §13.01(B):

"Legions of cases promulgate the twin requirements of access plus substantial similarity. **As a matter of logic, it is apparent that both the access and the similarity must relate to the same work, not to two separate works authored by plaintiff.** Thus, if Sir Ian Fleming were to sue a studio for producing a spy film substantially similar to his copyrighted character James Bond as contained in Goldfinger, and could prove that the defendant studio had access to his children's novel Chitty Chitty Bang Bang, then plainly an inability to prove simultaneously both access and substantial similarity as to the same work would doom his case. But what if the studio had access to an early draft of Goldfinger and produced a movie substantially similar to the published version of the novel. It would seem that the same considerations should govern—to the extent that the access related to a version containing elements that form no basis for the claim of substantial similarity, then the discontinuity could be as great as if the access were to the unrelated children's work. But if, by contrast, the earlier work to which access is proven and the later work to which substantial similarity exists are essentially identical, then the plaintiff may prevail on that basis." (emphasis added).

In this case, it is undisputed that no identical copy of whatever Gordon alleges he sent to DreamWorks exists, and that whatever he sent (if he in fact sent anything at all) varies to an unknown degree from Gordon's registrations in 2000 and 2011.  Indeed, in the very deposition excerpts which Gordon's counsel read to the Court at yesterday's argument, Gordon acknowledged that whatever he sent varied from those registrations, because they were either "derivative of" or "cleaned up," or "turned into an animation cell."  As the Court noted in its order (p. 3), Gordon's panda drawings "evolved" over the years; Gordon himself admitted drawing a



Hon. Joseph L. Tauro
May 22, 2013
Page 2

"million versions."  Thus, there is no original, supposedly infringed, work for a trier of fact to review, and compare with DreamWorks' film.

Respectfully submitted,

*s/ Jonathan Zavin*

Jonathan Zavin
Partner