# FISH & RICHARDSON P.C.

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

12390 El Camino Real
San Diego, California
92130

Telephone
858 678-5070

Facsimile
858 678-5099

Web Site
www.fr.com

Roger A. Denning
858 678-4784

Email
denning@fr.com

**VIA ECF**

May 23, 2013

Honorable Joseph L. Tauro
United States District Court Judge, USDC-MA
John Joseph Moakley U.S. Courthouse
1 Courthouse Way
Boston, MA 02210

Re: *Jayme Gordon v. DreamWorks Animation SKG, Inc., et al.*
    USDC-MA - C.A. No. 1:11-cv-10255-JLT



ATLANTA
AUSTIN
BOSTON
DALLAS
DELAWARE
HOUSTON
MUNICH
NEW YORK
SILICON VALLEY
SOUTHERN CALIFORNIA
TWIN CITIES
WASHINGTON, DC

Dear Judge Tauro:

We write in response to the letter submitted to the Court on May 22, 2013 (Dkt. No. 193) by Mr. Zavin on behalf of DreamWorks.

We respectfully draw the Court's attention to the following:

- At the hearing on May 21, 2013, the Court requested case law authority for DreamWorks' argument that Mr. Gordon needs an "exact copy" of the materials copied by DreamWorks to maintain his claim for copyright infringement. DreamWorks failed to identify any such case law during the hearing, and DreamWorks' May 22, 2013 letter—which purports to respond to the Court's question—likewise fails to provide a citation to any case law, let alone any controlling 1st Circuit authority..

- The Nimmer excerpt is irrelevant because it does ***not*** say that Mr. Gordon must produce an "exact copy" of the work DreamWorks copied. Moreover, the sentence emphasized by DreamWorks in its letter to Your Honor describes a fact pattern that has no application to this case. Mr. Gordon is not alleging access to one work and infringement of another; his infringement case is based on DreamWorks' copying and infringement of his Kung Fu Panda Power material, which was created during the 1990s, long before he sent it to DreamWorks. The existence of this material will be corroborated by the testimony of others, and Mr. Gordon will testify that the package submitted to DreamWorks included his Kung Fu Panda Power material. For example, Mr. Gordon will testify, as he previously did in his deposition, that he "sent a portfolio that included the Panda Power property" to DreamWorks, which included, among other things, "xerox copies," and "redrawings" of a number of his early 1990s sketches.[1]

---

[1] Gordon Dep. 461, 467, 470, 485-6, Dec. 14, 2011.


FISH & RICHARDSON P.C.

Honorable Joseph L. Tauro
May 23, 2013
Page 2

- The Court will recall that DreamWorks' motion for reconsideration of the summary judgment order is based on a single legal argument concerning the holding of *Airframe*. The motion is not premised on the factual dispute concerning DreamWorks' access to Mr. Gordon's Kung Fu Panda Power material, which the Court previously decided is a question of fact for the jury. As we pointed out at the hearing, all factual inferences must be drawn in Gordon's favor as the non-moving party to the summary judgment motion.

- Finally, DreamWorks has not addressed the long-standing doctrine of striking similarity, where Courts may infer access when evaluating works that appear strikingly similar. *See e.g., Contemporary Arts, Inc. v. F. W. Woolworth Co.*, 93 F. Supp. 739 (D. Mass. 1950); *Arnstein v. Porter*, 154 F.2d 464 (2d Cir. 1946). Mr. Gordon has pled striking similarity in this case, and DreamWorks' access to his Kung Fu Panda Power material may be presumed by the jury.

DreamWorks' letter provides no new information that is relevant to DreamWorks' pending motion, which is premised on DreamWorks' unsupported argument that this Court made a "manifest error of law" in interpreting the First Circuit's opinion in *Airframe*. To date, DreamWorks has failed to come forward with any authority for its argument that Mr. Gordon needs an "exact copy" of the materials copied by DreamWorks.

Respectfully submitted,

Roger A. Denning

RAD/lrp